<hr />

## BRADLEY v. KAVANAGH.

1. EVIDENCE: COMPETENCY OF AN ADMINISTRATOR. The administrator
of a decedent is not, by ¿ 3982 of the Revision of 1860, rendered in-
competent as a witness in an action to recover from another the pos-
session of the property of the intestate.

2. SAME. Neither is he rendered incompetent in such an action by the
provision of ¿ 3980 of the Revision of 1860. That provision applies
only to cases in relation to the settlement of the estates of decedents.

3. SAME: RECORD OF EVIDENCE. The Supreme Court will not reverse a
judgment because an incompetent witness was permitted to testify on
the trial in the court below when the record does not show that the
evidence of such witness was material to the issue.

4. NEW TRIAL: RECORD OF EVIDENCE. The Supreme Court will not in-
terfere with an order of the court below, overruling a motion for a
new trial, on the ground that the verdict was against the evidence,
when the record does not disclose all the evidence submitted to the
jury.

*Appeal from Wapello District Court.*

VOL. XII. 19

Bradley v. Kavanagh.

FRIDAY, OCTOBER 18.

REPLEVIN for a horse bought in the life time of plaintiff. Pending the action, plaintiff's death being suggested, his administratrix was substituted. On the trial, which took place in May, 1860, the administratrix was offered as a witness, to sustain plaintiff's action. To the introduction of this witness defendant objected, and the objection was overruled. Verdict for plaintiff, motion for a new trial overruled, and defendant appeals.

*Hendershott & Burton* for the appellant.

*C. C. Nourse* for the appellee.

WRIGHT, J.—To dispose of this cause, it is sufficient to say, that there is nothing to show that the witness testified to anything material to its determination. It only appears that she was offered, objected to, admitted, but what she testified is not stated. Nor is it even stated that she testified to matters material to the disposition of the cause. Under such circumstances, we can not say there was such error as to justify reversal.

It is claimed, however, that she was incompetent under § 3982, of the Rev. of 1860, and as it is the first time that the question has been made, before us, we proceed to examine it.

The prior sections of this chapter (159,) make every human being, of sufficient capacity to understand the obligation of an oath, a competent witness. A party to an action is competent and compellable to give evidence, on behalf of himself, or either, or any of the parties to the issue. Then by § 3982 it is provided that: "No person shall be allowed to testify when the adverse party is the executor of a deceased person, when the facts transpired before the death of such deceased person, and nothing in said section (3980)

contained, shall in any manner affect the laws now existing, in relation to the settlement of estates of deceased persons &c."

The exception to the general rule, declared in §§ 3978 and 3980, which excludes a person where the adverse party is the executor of one deceased, does not also render incompetent the said executor. The reason for this exception has no application to the executor. If the excutor was called upon to state, and did state, what the intestate knew and what he would testify to, if living, then there would be some propriety in the view that the exception should be material in its operation, for as the adverse party can not testify, neither should the executor. But the theory of this exception is to be found in the fact, that as the deceased, can not give his version of the transaction neither shall the surviving party. To permit him to do so would extend to him an advantage not contemplated by even the radical change in the law of evidence introduced by the chapter under consideration. Where, however, the facts transpired *before* the death of one deceased; facts which the executor might have stated (all questions of interest being removed) under the law as it stood prior to this act he is competent and this competency is not destroyed by the fact that the adverse party can not testify. As to facts transpiring *after* the decedents death, the reason for the exclusion of the adverse party ceases, and he is competent.

This case did not arise in the settlement of the estate of the deceased, in such a sense as to render the executor incompetent. What has already been said is applicable to this part of the statute. In addition to this, the policy of this provision was to prevent the admission of administrators, guardians of infants, or persons of unsound mind, where they were sought to be introduced to prove matters relating to their accounts, their receipts and disbursments, and generally to sustain their action while acting in such representa-

tive or fiduciary capacity. The reason for exclusion does not apply, however, when as in this case the executor has brought an action to recover the property of the estate.

We can not say there was error in refusing a new trial. What the testimony was we have no means of knowing save what is stated in defendant's affidavit. Without this, we can not say that the newly discovered testimony, would have availed him to change the result. It may be that the court below overruled the motion for this reason; and without more than is contained in this record, we would not be justified in interfering with this ruling.

Affirmed.