Day, J.
1. new trial: ness°of recford. I. From appellant’s abstract of the record, it appears that the canse was tried and judgment rendered on the 15th day of August, and that the motion for new trial was made on the 19th. It is claimed tnat the court erred in ordering a new trial upon an application made more than three days after the verdict ^ or decision was rendered. Bev. § 3114.
Appellee, while admitting the correctness of the abstract, as shown by the record, claims that there is a mistake in the record itself, and that the cause was tried on the 15th, judgment entered on the 18th, and motion for new trial made on the 19th of August. It is not insisted that, under the provisions of section 3114 of the Bévisión, this motion for new trial could properly be entertained after the period of three days from the rendition of judgment. The record must here be taken as conclusive of the facts which it recites. If erroneous in any respect, it should have been corrected by proper proceedings in the court below. But as the remaining error assigned, in the view which we adopt, disposes of the case upon its merits, we forbear any further consideration of this question.
2. Evidence: administrator, II. It is next claimed that Alice Botkin was a competent witness, and that the court erred in granting a new trial upon the ground of her admission. Sections ggyg an(J gggg Qf ReTisi0n render all persons competent to testify, without regard to them interest in the result of the suit. Upon this general rule of the Bevision, certain exceptions are ingrafted by the sections which follow. If this witness is incompetent, her incompetency results from section 3982, which provides that no person shall be allowed to testify under the provision of section 3980, where the adverse party is the executor of a deceased person, when the facts to be proved transpired *54 before the death of such deceased person, and nothing in such section contained shall, in any manner, affect the laws now existing in relation to the settlement of estates of deceased persons, infants or persons of unsound mind. Two classes of cases are provided for in this section: first, those in which the adverse party is the executor of a deceased person; second, those affecting the settlement of estates of deceased persons. The exclusion of the administratrix cannot be based upon the provision of this section. She is not offered in a suit in which the adverse party is the executor of a deceased person. She is offered in behalf of the estate, and does not fall within the inhibition of the former part of section 3982. Bradley v. Kavanagh 12 Iowa, 273. It remains to be seen whether she falls within the exceptions contained in the remaining portion of the section before named. It cannot be maintained that every action against an executor involves, in the meaning of section 3982, a question affecting the settlement of the estate of the decedent. If so, every thing contained in the former part of the section is included in the latter, and the former provision becomes mere tautology.
In the case of Bradley v. Kavanagh, which was an action prosecuted by the widow and administratrix of the deceased, for the recovery of a horse bought by the deceased in his life-time, the administratrix was held to be a competent witness. It is not possible, in principle, to distinguish that case from this. In that ease, the horse, if recovered, became assets in the hands of the administratrix, subject to distribution after the satisfaction of the debts of the deceased. In this, the defeating of the plaintiffs’ claim leaves a fond already in the hands of the administratrix the subject of distribution in the same manner. Regarding the question presented in this case as definitely settled in Bradley v. Kavanagh, we consider any further discussion of it unnecessary.
Reversed.