Mosier v. Vincent.

MOSIER v. VINCENT.

1. **Highway:** BY PRESCRIPTION; EVIDENCE. To render parol testimony tending to establish a road by prescription, admissible, it is not necessary that it should first be shown that there is no record showing the establishment of such road.

2. **Practice:** OBJECTIONS TO EVIDENCE. The supreme court will not review the ruling of the court below in permitting questions to be asked a witness unless the record discloses what answers were given thereto.

3. **Highway:** REMOVAL OF FENCES. Under section 905 and kindred sections of the Revision, a road supervisor has no right to throw down a fence projecting into the highway though not directly obstructing the travel thereon, without first notifying the owner to remove the same.

4. —— This rule applies as well to cases where the fence was built after the highway was established, as to those where it was built before.

5. —— AUTHORITY OF ROAD SUPERVISOR. The map required by section 890 of the Revision to be delivered by the township clerk to the road supervisor, confers no additional authority upon him. The map is in no sense to be considered as process or authority for his action.

*Appeal from Van Buren District Court.*

THURSDAY, JULY 25.

ACTION for trespass. The plaintiff alleged that defendant willfully, unlawfully and maliciously threw down and

Mosier v. Vincent.

removed the plaintiff's fence inclosing his cultivated fields; claiming $500 damages. Answer in denial; and, also, that defendant was road supervisor, and simply removed obstructions from a road, in his district, which had been used, traveled and worked by the public for twenty-five years; that plaintiff set his fence therein, and failed to remove it after notice to do so. Trial to a jury; verdict and judgment for defendant. The plaintiff appeals.

*J. C. Knapp* and *Mayne & Work* for the appellant.

*Trimble & Baldwin* for the appellee.

COLE, J. — I. The error first asssigned is, that the court allowed the defendant, against plaintiff's objections, to

1. HIGHWAY: by prescription: evidence.

introduce parol testimony tending to prove a road by prescription, where the alleged trespass was committed, without first showing that there was no record of such road, or that it was imperfect or beyond defendant's reach, or the like. The objections are grounded upon the idea, that parol evidence, to establish the existence of a road by prescription, is secondary or substitutionary in its character. This is a mistaken view of the law. Roads may be established by order of court, duly made and entered of record, by dedication of the owner by writing or by acts *in pais*; or by continued use of it, as such, by the public, for the time prescribed by the statute of limitations for bringing real actions. The best evidence in existence, which will prove a road established in either of these ways, is, necessarily, *primary* evidence. As to the first, the best evidence would be the record; as to the second, the writing or parol proof of the acts showing the dedication, and, as to the last, parol evidence of the use by the public for the time required. Whether the road is established by the one or the other of these methods, it is equally a public road. The law accords no preference to

either; nor does it require a party to show that he cannot prove that the road was established in one of the ways mentioned before he can be allowed to prove that it was done in one of the other ways. These views find more or less support in the following cases: *Brown* v. *Jefferson County*, 16 Iowa, 339; *The City of Pella* v. *Scholte*, 21 id. 463; *Onstott* v. *Murray*, 22 id. 457; *Wilson* v. *Sexon*, 27 id. 15.

II. It is next assigned as error, that the court permitted the defendant's counsel to ask witnesses their opinions 2. PRACTICE: whether the road, at the place in controversy, objection to evidence. was dangerous to travel over before it was worked? Whether the plan for working it, adopted by the defendant, was the best? And whether it was necessary to remove the fence, in order to work the road on defendant's plan? The record does not show what the witnesses answered. They may have severally answered that they had no opinion, or, if they had, they were adverse to defendant. In either case, the plaintiff would not be prejudiced. An appellant must show error to his prejudice before he can ask a reversal. *Bradley* v. *Kavanaugh*, 12 Iowa, 273.

III. Our statute contains the following provision: " Sec. 905. It is the duty of the supervisor to remove 3. HIGHWAY: obstructions in the public highways caused by removal of fences. fences or otherwise, but he must not throw down or remove fences which do not directly obstruct the travel upon the highway, until, not to exceed, six months notice has been given to the owner of the land inclosed in part by such fence." The court instructed the jury in accordance with this section, and added ·to it, that if the fence did directly obstruct the travel, then he was required to give only a reasonable notice. To all this, the plaintiff did not object; but the court also gave this instruction: " 18. If the plaintiff built the fence in controversy in the public highway, more than five feet from the line of said highway, after it had been legally estab-

lished, then he was not entitled to a notice to remove said fence; and the defendant, as supervisor, would have the right in such case to remove said fence, whether it actually obstructed said travel or not." The giving of this instruction is the third error assigned.

It is claimed by appellee's counsel, that the section above quoted was intended to apply only to removing fences on highways just established and being opened. But there is, at least, one difficulty in so limiting it. The section is part of an act of the legislature, approved March 23, 1858, and which took effect on the fourth day of July following, and is entitled: "An act to provide for making and repairing public highways, and prescribing the duties of township officers in certain cases." Every one of the thirty-four sections of the act, relate to the repair and management of the roads, and the officers and means by which the same shall be done; and none of them to establishing or opening roads. There was an act passed on the same day, and which took effect at the same time, entitled: "An act defining the mode of laying out, establishing, changing and vacating State roads," the various sections of which relate to establishing and opening roads. And the previous sections of the statute from 824 to 861, relate to establishing and opening county roads. All these are in the Revision of 1860, and constitute, in the inverse order of their statement above, articles one, two and three of chapter forty-six. And, further than this, it is enacted in article one, section 856: "A reasonable time must be allowed to enable the owners of land to erect the necessary fences adjoining the new road." "Sec. 857: When crops have been sowed or planted before the road is finally established, the opening thereof shall be delayed until the crops are harvested." Since, therefore, the provision, section 905, is found in an act, now a separate article of the statutes relating to the repair and keeping of roads in order, and another provision is found respecting removing fences

from new roads, we are constrained to hold that the section does apply to fences placed in established highways, and that the court erred in giving instruction, number eighteen, above set out. The peculiar phraseology of the section has not escaped our critical attention. It will be seen that it forbids the removal of a fence, which does not directly obstruct the travel, "until *not to exceed* six months notice has been given." A notice given to remove, five minutes before the supervisor tore it down, would *not exceed* six months notice, and would, therefore, be within the *words* of the statute, though probably not within the legislative *intent.* But the instruction says the plaintiff was not entitled to any notice. The section is not an unreasonable one, when given its fullest meaning and manifest intent. A party obstructing the road by a fence as specified in the instruction, might still be liable to indictment under section 4409. The legislature might, without being inconsistent, make him thus liable, and, at the same time, forbid a supervisor from removing it without notice.

IV. The plaintiff asked the court to instruct the jury that unless the defendant had a map of the roads in his district, furnished him, as provided for in sections 889 and 890, he had no authority to work the road and cannot justify his trespass. This was refused, and constitutes the fourth error assigned. We have already held, at this term of court (see *Campbell* v. *Kennedy, post,* 494), that such map constituted no process in the hands of, or authority to, a road supervisor; that it was furnished to him as an aid, light or help, "for the purpose of enabling him to determine" the location of the roads, etc. A road supervisor derives his authority from his election, etc., and the statute, not from the map. It follows that there was no error in refusing this instruction.

For the error in giving the eighteenth instruction, as hereinbefore set out and shown, the judgment must be

Reversed.