## MOSHER v. VINCENT.

1. **Evidence:** COMPETENCY OF PAROL: NOTICE TO REMOVE FENCE. In an action against a road supervisor for trespass in tearing down a fence which obstructed the highway, the admission of the written notice to remove the fence was held not to operate to exclude parol testimony bearing upon the subject matter of the controversy.

2. **Highway:** WHAT CONSTITUTES AN OBSTRUCTION OF. If a fence along a highway is so situated as to endanger public travel, although it does not extend across the track, or to require removal in order to render the road safe for public use, it is a direct obstruction of the highway.

3. ———: FENCE: REASONABLE TIME TO REMOVE. What constitutes a reasonable time for the removal of fence, condemned by the road supervisor as a direct obstruction to travel, is a question of fact for the determination of the jury.

*Appeal from Van Buren Circuit Court.*

FRIDAY, OCTOBER 23.

ACTION by ordinary proceedings to recover damages for an alleged willful trespass in tearing down plaintiff's fence along the highway, and letting in stock to destroy his crops. The defendant answers by a general denial, and also justifying as doing the alleged wrongs in discharge of his duties as road supervisor, and after notice to plaintiff to remove his fence from the highway, which is alleged to be such by prescription. There was a jury trial, October 23, 1873, (the case having been before tried, and the judgment reversed in this court. See *Mosher v. Vincent,* 34 Iowa, 478), which resulted in a verdict for defendant. The plaintiff appeals.

*J. C. Knapp* and *Work & Lea*, for appellant.

*Trimble & Baldwin*, for appellee.

COLE, J.—I.   On the trial, after plaintiff's evidence was closed, the defendant introduced a written notice by him as road supervisor, to the plaintiff to immediately remove two lines of fence, describing them, out of the public road, one line being eighty rods long, and the other one hundred and sixty rods.   The defendant then testified that he served said notice on the plaintiff, May 24, 1870; and was then asked by his counsel, " What did you say to Mr. Mosher? "  Answer— " I warned him to work on the road with his team Saturday, May 28, and told him to move his fence on the edge of the ditch Saturday, so I could work the road on Saturday at that place where I warned him to work the road.   Do not recollect that I said anything to him about the balance of the fence referred to in the notice."   This was duly objected to as irrelevant, incompetent, and as tending to contradict or modify the written notice; but it was admitted, and thereon the first error is assigned.

We do not see any error in this ruling.   It does not occur to us that the introduction of the written notice could operate to exclude parol testimony of other facts transpiring subsequent to it, and bearing upon the subject matter of the controversy.   Nor do we see any valid objection to parol evidence of a conversation between the parties indicating the place where the defendant, as road supervisor, intended to commence work on the road; nor to allow the jury to consider that evidence in determining the question whether the notice was reasonable or not. In order to determine that question the jury should be advised, not only of the notice and the time of service, but of the condition of the road where the most work was required, what the defendant said to the plaintiff as to his plan or purpose of working it, and of all other facts.   If, after telling the plaintiff where he intended to begin work, the defendant had begun elsewhere, and therefrom plaintiff's damages had been

1. EVIDENCE; competency of parol: notice to remove fence.

increased, this would have been very competent evidence for the plaintiff. The right to use it is reciprocal.

II. But the court gave, also, in connection with this same matter, an instruction to the jury as follows: " 8. The notice introduced in evidence in this case, in writing, cannot be varied, contradicted, or modified by oral statements of the defendant at the time of the service thereof; and the evidence given by the defendant as to what was said at the time of such service cannot be considered for that purpose by you; but it may be considered by you, so far, if at all, as it bears upon other matters in the case." In our view, this instruction, in connection with the evidence above set out, affords no ground for complaint on the part of the plaintiff.

III. The court gave this instruction to the jury: " 10. It is not absolutely necessary that a fence must be across the track where the travel passes, in order to be a direct obstruction to the travel, but if the fence so obstructed the track as to render it unsafe or dangerous to public travel thereon, and if such is the case, and it is necessary to remove the fence in order to make the road safe for public travel, then this would be a direct obstruction." The twelfth instruction given embodied a very similar proposition. Counsel in argument have endeavored to show how, by a possible construction, this might have mislead the jury. But the plain and natural meaning of the instruction conveys a proposition sound in reason and correct in law.

*2. HIGHWAY: what constitutes an obstruction of.*

The fourteenth and fifteenth instructions given, and to which objections are made, embody the legal principles respecting highways by prescription, which have been heretofore announced by this court, and hence we need not review them more at length here. See *Onstot v. Murray,* 22 Iowa, 457, and the cases following it.

IV. It is claimed in argument that the notice proved in this case was not unreasonable; that it was for the removal of two hundred and forty rods of fence in three days, notice being given on the 24th and the removal to be completed by the 28th of the same month. There is no question but that the instructions fairly submit

*3. ————:fence: reasonable time to remove.*

the question of reasonable time to the jury, and they have found for the defendant. We have none of the evidence in the case. While the time given seems to us, as practical men, to be very short to be reasonable, yet we cannot say, as a matter of law, that the time was not reasonable. The evidence may have shown the plaintiff to be a large farmer, with a working force sufficient to make the removal in one day. At all events, it was a question of fact for the determination of the jury. We discover no error in the proceedings.

AFFIRMED.