Blackburn v. Powers.

## BLACKBURN v. POWERS.

1. **Practice:** ERROR WITHOUT PREJUDICE. To justify a reversal, the record must show affirmatively that there was error to the prejudice of the substantial rights of the appellant.

2. **Highway:** FENCE: NOTICE TO REMOVE. Under the Revision (Section 905), a fence projecting into the highway, which does not obstruct public travel, shall not be removed by the supervisor until notice, not exceeding six months in extent, has been given the owner of land enclosed thereby.

3. ———: ———: REASONABLE NOTICE. The owner of the fence is entitled to a reasonable notice to remove it, and reasonable notice is such as would enable him to take it away without injury to the fence or crops enclosed.

4. **Practice:** RECORD: PRESUMPTION. An instruction stating a correct rule of law will be presumed to have been based upon evidence in the case, in the absence from the record of any statement of what the evidence was.

*Appeal from Monona Circuit Court.*

THURSDAY, MARCH 14.

THIS action is brought by the plaintiff to recover damages of the defendant for tearing down and removing plaintiff's fence. The defendant answers that at the time of the injury complained of he was road supervisor of the district in which plaintiff's fence was situated; that he took down and removed said fence, because the same was then standing upon and obstructing a public highway in said district, having given the plaintiff five days previous notice to remove the same, which he neglected to do, and that the defendant removed the fence with as little injury to the material thereof as was possible. The cause was tried to a jury who returned a verdict for defendant, on which there was judgment. The plaintiff appeals.

*Monk & Selleck*, for appellant.

G. W. *McMillen*, for appellee.

MILLER, CH. J.—I. On the trial the court, on its own motion, gave to the jury the following, among other instructions:

"4. When, as in the present case, a highway is not intended to be located upon the lines of a government division or sub-division of land, the place where the original survey was made and the stakes stuck upon the ground, if it can be ascertained, is the true location of the highway, and if you find that the road in question is upon the line where the highway was actually surveyed and located, you will find that the same is the true location of the highway, notwithstanding that the field notes of the survey may not agree therewith."

The court further, on request of the defendant, instructed the jury as follows: "If the jury believe from the evidence that the road in question was actually surveyed and located where it was subsequently opened and worked and used as a public highway, such actual survey and location determines the true line of the road, and any apparent deviation that may be indicated by the field notes of such survey shall not be regarded in determining the correct line. If there be a variance between the line where the road is actually surveyed, located and opened, and the line indicated by the field notes of the surveyor, the actual survey and location will control and must settle and determine the true line of the road."

The giving of these instructions appellant assigns as error. Whether there was error in these instructions or not we are 1. PRACTICE: error: prejudice. not called upon to determine, since the record does not show that there was any variance or conflict between the plat and field notes and the actual survey and location of the road. The record recites that there was "evidence tending to show that the fence was not on the alleged highway as shown by the order of the county court and by the plat and field notes filed with the report of the commissioner appointed to locate said highway." This evidence in no degree tends to show that the actual survey and location of the road was not in strict correspondence with the plat and field notes. There being no evidence of any conflict between the latter and the actual survey, no prejudice could result to appel-

lant from the giving of the instructions, even if they were erroneous, which we do not decide. In order to justify a reversal the record must show affirmatively that there was error to the prejudice of the substantial rights of the party complaining. Code of 1873, Section 2836. It has been frequently decided by this court that, although an error may have been committed by the court below, its decision will not be reversed by the appellate court on that account, unless the party appealing shows that such error has actually prejudiced his case. *Smith v. Milburn*, 17 Iowa, 30; *Doniphan & Hughes v. Street*, Id., 317; *Colden & Co. v. Cole*, 19 Id., 565; *Wilhelm v. Fimple*, 31 Id., 131.

These views will apply to and dispose of the seventh instruction asked by plaintiff and given as modified by the court.

II. Plaintiff requested the court to give the jury the following instruction:

" 1st. The jury are instructed that a road supervisor has no right to remove a fence, although it actually encroaches upon the highway, unless the public is thereby actually hindered or endangered, without first giving the owner six months notice to remove; to justify such removal without six months notice, the fence must materially and essentially interfere with the use of the highway by the public." This the court refused and gave the following:

2. HIGHWAY: fence: notice to remove.

" 7th. By the law of this State it is provided, 'that fences which do not directly obstruct public travel shall not be thrown down or removed until not to exceed six months' notice has been given to the owner of the land inclosed by such fence.' Plaintiff insists that under this statute he is entitled to at least six months' notice. The court is of a different opinion and instructs you that under the law aforesaid, the plaintiff was entitled to reasonable notice only, not exceeding in any case six months." This ruling is assigned as error.

The statute quoted in the instruction given by the court, is section 905 of the Revision, which was in force when the act complained of was committed. Under this statute and kindred sections of the Revision a road supervisor had no right to remove or throw down a fence projecting into the highway.

though not directly obstructing the public travel thereon, without first notifying the owner to remove the same. *Mosier v. Vincent*, 34 Iowa, 478.

Appellant claims and insists that this notice must be not *less* than six months. The statute says that it is not to *exceed* six months, so that any length of time less than six months would be within the words of the statute, but a period of time exceeding six months would not be in conformity with the words of the statute. So, also, to hold that the notice should be *not less* than six months would violate the language of the law. The true meaning and intent of the provision undoubtedly is that given to it by the court below; that the plaintiff was entitled to a notice *not to exceed* six months, but not so short as to be unreasonable, as a notice of one day might be. *Mosier v. Vincent, supra.* The statute fixes six months as the *longest* time for the notice. In no case can more than six months be claimed. It follows, therefore, that a notice for a shorter time would comply with the words of the statute, but if it were so short as to be unreasonable it would not be a compliance with its spirit, for clearly, it was intended that a reasonable time for removing fences on the highway should be given. This clearly appears from the fact that the notice may be for the full time of six months, which certainly would be a reasonable time, and from the further fact that only the longest time is fixed by the statute, thereby implying that a shorter time, according to the circumstances of the case, would be sufficient notice, and therefore, reasonable.

III. The court gave the following instruction to the jury: " 8. Reasonable notice is such notice and for such a length of time as, under all the facts and circumstances of the case, you may find was reasonably proper to enable the plaintiff in the ordinary manner to properly and carefully remove the fence without unnecessary injury thereto, or to the premises, or the crops inclosed thereby." This is complained of as erroneous.

3. ——: ——.
reasonable
notice.

This instruction is most clearly correct. It leaves it to the jury to determine the reasonableness of the notice under all the facts and circumstances of the case, instructing them in sub-

Blackburn v. Powers.

stance that in order to be a reasonable notice it must give the plaintiff time enough to enable him, under the circumstances, in the ordinary way to remove his fence, carefully and properly, and so as to work no injury either to the fence, the premises, or the crops inclosed. No more than this could be asked without asking what would be unreasonable. See further, *Mosher v. Vincent*, 39 Iowa, 607.

IV. It is next insisted that the court erred in instructing the jury as to what constituted a highway by prescription. It is not claimed that the law is not correctly stated in the instruction, but the error complained of is that the court should not have instructed at all on this question, for the reason, as urged, that the defendant had justified in his answer on the ground that the fence obstructed a "certain regularly laid out highway."

4. PRACTICE: record: presumption.

The abstract does not contain the evidence in the case or state whether there was evidence given on this point or not. Appellee claims that both parties introduced evidence on this point and that this instruction was given to meet this evidence. In the absence of the evidence from the record, we will presume that there was evidence to which the instruction was applicable, since evidence of this character could have been properly admitted, neither party objecting thereto. We will not presume that there was error in giving the instructions. The record must show the error, if any, affirmatively.

Finding no error to the prejudice of appellant, the judgment is

AFFIRMED.