### SMITH v. EATON ET AL.

1. **Homestead:** JUDGMENT: MORTGAGE.  A judgment against the surviving husband is not a lien upon his homestead right in the lands of his wife, unless he shall have abandoned the same, nor can he create a valid lien thereon by the execution of a mortgage.

*Appeal from Winneshiek Circuit Court.*

THURSDAY, APRIL 10.

SARAH B. EATON was the owner in fee of certain real estate in Decorah, which she, with her husband, the defendant H. H. Eaton, occupied as a homestead.    She died intestate February 21, 1876, without issue.    The family consisted of the husband and wife only.

On the 25th day of May, 1876, the defendant, the First National Bank of Decorah, recovered a judgment against said H. H. Eaton for two hundred and twenty-seven dollars.    An execution was issued on this judgment, and the said homestead was sold at sheriff's sale, the bank being the purchaser.

On the 5th day of October, 1876, said H. H. Eaton executed a mortgage upon said real estate to the plaintiff to secure the payment of the sum of seven hundred dollars.    The property is described in the mortgage as follows: "The east one-half of lots 1 and 4, in block 32, in Decorah, Iowa—said premises being the homestead of the said H. H. Eaton."

On March 21, 1877, said H. H. Eaton conveyed his inter-est in the property by quit-claim deed to one Zuckmeyer.

. This action was commenced by B. F. Smith to foreclose his mortgage. It is averred in the petition that prior to the time of making plaintiff's mortgage the said H. H. Eaton was the head of a family, and occupied the mortgaged premises with his family as a homestead, and so continued to occupy the same up to the time of the rendition of the judgment in favor of the bank, and for a long time thereafter. A decree is prayed as against the bank establishing the priority of the mortgage over the said judgment and sheriff's sale.

The bank answered by denying that the premises in con-troversy were occupied by said Eaton as a homestead at the time of making the mortgage declared on, and averring that prior to the said sheriff's sale on the judgment in favor of the bank said Eaton had abandoned whatever homestead right he may have had, and had abandoned such right prior to the making of the mortgage to plaintiff. It is further averred in the answer that the lien of the judgment and sale there-under is prior and superior to the lien of plaintiff's mortgage, and a decree to that effect is prayed.

The cause was tried to the court on written evidence, by order of the court, and a decree was entered declaring the lien of the mortgage to be superior to that of the judgment. The First National Bank appeals.

*Brown & Wellington,* for appellant.

*E. E. Cooley,* for appellee.

ROTHROCK, J.—I.  H. H. Eaton, the mortgagor, was the only witness examined upon the trial in the court below. It appears from his testimony that after the death of his wife, and until the conveyance to Zuckmeyer, he did not intend to abandon his homestead right in the premises. His acts were consistent with such intention. He occupied a part of the dwelling-house until after he made the conveyance. Although

he leased part of the premises, yet he retained one room and occupied the barn up to the last of October, 1876. Although in cross-examination, in answer to specific questions, he stated that he claimed the property as heir of his wife, still, we think, taking all his testimony with the claim in the mortgage describing the property as his homestead, a finding that he abandoned the homestead at any time before he made the conveyance would not be supported by the evidence.

II. The judgment in favor of the bank was prior in time to the execution of the mortgage. The judgment was not a lien upon the homestead right of the defendant. The mortgage, being merely upon the homestead right, was inoperative as a lien. It could not be a lien upon his distributive share or dower interest because he was occupying the property as a homestead, and could not enjoy both rights at the same time in the same property. *Meyer v. Meyer,* 23 Iowa, 359. His right of occupancy and possession under his homestead rights conferred no title to the property, and he could not execute a valid mortgage thereon. *Butterfield v. Wicks,* 44 Iowa, 310.

1. HOMESTEAD: judgment: mortgage.

These considerations dispose of the lien claimed for the mortgage. It was invalid and created no lien.

III. We will now examine the question as to whether the bank had any substantial rights which were prejudiced by the decree. If it had no lien by virtue of its judgment it is not prejudiced. It must be remembered that neither of the alleged lien holders claim by their pleadings that Eaton had **any** other interest in the property excepting his homestead, or his right to his distributive share or dower as the survivor of his wife. This being the state of the record we think that the judgment was not a lien. The question as to whether the judgment was a lien upon that interest of the husband which he held as the heir of his wife, aside from his dower or distributive share, she having no children, is not presented in the record, and we do not determine it. What we do determine is that neither the mortgage nor judgment was a lien,.

because the plaintiff claims that Eaton was holding the property as a homestead, and the bank claims that the homestead was abandoned, and based its lien upon that ground.

Finding that there was no abandonment, no right of the defendant is prejudiced by the decree, however erroneous it may be. *Wile v. Wright*, 32 Iowa, 451.

AFFIRMED.