W. E. Ashby, Appellee, v. Grover C. Nine, Appellant.

No. 42478.

October 16, 1934.

H. V. Levis and G. C. Stuart, for appellant.

J. A. Penick and W. W. Bulman, for appellee.

Kintzinger, J.—The petition alleges that on or about the 3d day of November, 1931, the defendant wrongfully and unlawfully struck, beat, bruised, marked, and disfigured the plaintiff, and violently used force against his person, inflicting personal injuries to his eyes, nose, face, and various parts of his head and body, causing loss of time, great pain and anguish of mind, medical expense, as a result of which he was damaged in the sum of $2,000.

In his answer, defendant admits having had an altercation with the plaintiff, as a result of which he struck the plaintiff one blow on the face. He also alleges as mitigating circumstances that the plaintiff had made slanderous statements against him to others, as a

result of which his anger was aroused and the altercation ensued. He denies all other allegations of the petition. In his testimony, the defendant admitted striking plaintiff in the nose and eye with his fist. This he said occurred after an altercation with the plaintiff in which the defendant was accused of squandering a lot of money and in which the defendant called plaintiff a liar.

It is fair to assume from the evidence that the plaintiff received a severe beating. His nose and eye were black and blue, his face was bleeding, and he was bruised on other parts of the body. The record shows that he was compelled to receive medical attention. His nose was swollen twice its normal size, both eyes were swollen, and he could not see out of his left eye. He also received injuries to other parts of his body. As a result of these injuries, he was required to secure medical attention at an expense of over $10, he lost some time, and suffered great pain of body and anguish of mind.

The defendant made no claim of self-defense, or that the plaintiff struck him, and that issue is not in the case. He did claim mitigating circumstances on account of slanderous words spoken about him to others. This question was submitted to the jury, and there is no error claimed therefor.

Although five errors are assigned, only two or three are involved.

I. It is first contended that the court erred in giving instruction No. 5 on the ground that the province of the jury was invaded therein on the question of allowing more than nominal damages. Instruction No. 5 is as follows:

"The defendant has admitted in his pleadings and upon the witness stand that at the time and place in question he struck plaintiff, and there being no showing or claim made that in so doing he acted in self-defense, defendant would be liable to plaintiff in damages for whatever injuries, pain and suffering and mental anguish, if any, were sustained by plaintiff or caused to him by reason of such assault upon him. The evidence shows without contradiction that the plaintiff received physical injury as a result of such unlawful assault upon him by defendant and, upon the claims made in his petition, would be entitled, in any event, to recover damages in an amount in excess of nominal damages—that is, in excess of a mere nominal amount, such as one dollar or less. *The amount to be*

*awarded plaintiff as damages upon the claims made in his petition, however, will depend upon the extent of the injuries received by plaintiff as a result of such assault and will be arrived at by the jury from the evidence, guided by these instructions."* (Italics ours.)

It is claimed the jury was instructed that they must return a verdict for "substantial" damages. Under the evidence, this instruction cannot be held prejudicial. It contained no direction to allow the plaintiff "substantial" damages. It simply tells the jury that the plaintiff "would be entitled * * * to recover damages in an amount in excess of * * * a mere *nominal* amount, such as one dollar or less". Its effect was that plaintiff, under the evidence, was entitled to more than one dollar for his damages, *but not how much more.* The determination of the amount to be awarded was expressly left to the jury. The same instruction says: *"That the amount to be awarded * * * will depend upon the extent of the injuries received by plaintiff as a result of such assault, and will be arrived at by the jury from the evidence."* (Italics ours.) It is contended that the court should not have instructed that the plaintiff was entitled to more than "nominal damages"; and that it was erroneous to say he was entitled to more.

We think this case is governed by the case of Fleming v. Loughren, 139 Iowa 517, 115 N. W. 506. That case has many of the aspects of the case at bar. Therein the court said:

"In its sixth instruction the court told the jury that two kinds of damages might be allowed if it found for the plaintiff under the other instructions given. That, if the plaintiff was entitled to recover at all, he might be allowed such actual damages as would fully compensate him for medical attention, and for the mental and physical pain and humiliation inflicted upon him. * * * It is said that the instruction was wrong because it did not inform the jury that a verdict could be returned for nominal damages. No instruction of the kind was asked, and, *had it been, it could very properly have been refused because, if the plaintiff could recover at all, he was clearly entitled to substantial damages."*

In the case at bar the court did not even tell the jury that plaintiff could recover "substantial" damages; it simply said that the plaintiff was entitled to more than merely "nominal" damages, and then clearly explained that by the term "nominal" damages was meant *one dollar or less.* We think the instruction given was war-

ranted by the evidence as shown by the record in this case. If it could be said that the instruction was not technically correct, it must be held that it was not prejudicial to the defendant, because the amount of damages to be awarded, in excess of mere "nominal" damages, was by the instruction left entirely to the jury. If a more explicit instruction was desired, it should have been requested. No request was made.

It is admitted by defendant's answer and pleadings and by his evidence that he struck plaintiff one blow in the face with his fist. If it be conceded that only one blow was struck, it must have been a well-directed and powerful blow, as it struck plaintiff squarely on the nose between the eyes, knocking him to the ground, resulting in the injuries hereinabove set out. Under the record, it can hardly be said that it was prejudicial error to instruct the jury that plaintiff was entitled to more than merely one dollar in damages.

Where the errors complained of are such that, in view of the entire record, the court can fairly say that no prejudice has resulted, a reversal shall not be ordered. In re Bradley et al., 117 Iowa 472, 91 N. W. 780; Smith v. Eaton, 50 Iowa 488; Blackburn v. Powers, 40 Iowa 681; Tuck v. Singer Mfg. Co., 67 Iowa 576, 25 N. W. 812; Lange v. Bedell, 203 Iowa 1194, 212 N. W. 354. We find no prejudicial error in the instruction complained of.

II. It is also contended that the verdict was excessive, and the result of passion and prejudice on the part of the jury. The verdict was for only $500. The amount claimed was $2,000. There was hardly a conflict in the evidence with reference to the extent of injuries. According to the evidence on the part of the plaintiff, he received severe injuries and bruises about the face and body. He lost time, suffered great pains, and was required to secure medical attention. We believe the verdict was not sufficiently large to warrant a disturbance.

III. It is also contended that instruction No. 10 was erroneous because it told the jury to award plaintiff damages upon the claims made in plaintiff's petition, rather than upon the evidence. Instruction No. 10 is as follows:

"*After* you have determined upon the amount to be awarded plaintiff upon the claims made in his petition, you will then consider and determine whether the defendant is entitled to recover upon * * * his counterclaim."

There is no merit in this contention because the reading of the instruction as a whole clearly shows that the damages were limited to the claims made in the petition, as shown by the evidence. Instruction No. 10 was only prelimary to a consideration by the jury of a counterclaim pleaded by defendant, and simply referred to damages claimed in plaintiff's petition. In previous instructions, the jury was told that in their determination of the question of damages, upon the claims made in the petition, *they could only allow such sum as they found from a preponderance of the evidence* would fairly compensate him for the injuries. Instruction No. 8 contains the following statement:

"Upon the claims made in the petition *you should allow plaintiff as damages such sum as you believe from the greater weight or preponderance of the evidence will fairly compensate him for the injuries* he has sustained as a result of such assault." (Italics ours.)

There is clearly no merit in plaintiff's complaint against instruction No. 10.

For the reasons hereinabove set out, we find no prejudicial error in the record, and the judgment of the lower court is therefore hereby affirmed.

MITCHELL, C. J., and STEVENS, ANDERSON, and CLAUSSEN, JJ., concur.