ELLA D. RUBY ET AL. v. C. M. DOWNS AND HULDA MOONEY, Appellants.

**Equitable Ownership:** EVIDENCE HELD NOT TO ESTABLISH. In a suit between children for partition of land belonging to their deceased mother, defendants, who were in possession, claimed the equitable ownership by reason of their mother's verbal promise to give them the land, in consideration of their supporting her during her life. It appeared that they had lived on the farm with her, taking care of her, and making many improvements but the land was never conveyed to them. *Held*, insufficient to show equitable ownership.

REOPENING CASE. *Discretion.* Where, in a suit between children for partition of land belonging to their mother and for an accounting, some of them being in possession, no claim was made until the case had been fully submitted that rents accruing after the mother's death should be considered, or for the mother's support by the defendants, there was no abuse of discretion in the trial court refusing to open the case.

**Abstracts:** TIMELY FILINGS. Where appellee's amendment to the abstract is used for the purpose of bringing before the appellate court rulings and orders which were made subsequent to the decree appealed from, it will be stricken out, and the case affirmed as to such rulings and orders, where it was not filed thirty days before the term. as required.

*Appeal from Mahaska District Court.*—Hon. A. R. Dewey, Judge.

Saturday, April 13, 1901.

The plaintiffs, Ella D. Ruby, J. E. Downs, and D. D. Downs, children, and William Downs, Edwin Downs, Mary Walker, and Bird Downs, grandchildren, of Louise J. Wharton, deceased, who died intestate, bring this action against C. M. Downs and Hulda Mooney, also children of said deceased, for the partition of certain lands of which it is alleged said deceased died seised; and defendants answered, admitting all the allegations in the petition, except the allegation that Louise J. Wharton was the owner in fee simple and died seised of the lands described. This allegation they deny, and allege, in substance, as follows: That about the year 1879 or 1880 said Louise J. Wharton did by gift, then and there expressed, verbally transfer and convey to defendants said real estate, which they accepted, and immediately, with the consent of Louise J. Wharton, took possession thereof, and continued to occupy the same up to the death of said deceased, January 10, 1894; that said Louise J. Wharton was at the time of the purchase of said land, in 1879, a widow about 61 years of age, and that from that time until her death they cared for and supported her, and that it was agreed between them and her "that she vest the title in them by will or otherwise"; that they performed the agreement on their part, "and that she failed and neglected to convey said real estate by deed, or to devise same." They ask that they be decreed to be the owners of said real estate. The defendant C. M. Downs further alleges that when the land was purchased there was an incumbrance thereon for part of the purchase money, and that he furnished a large portion of the money to pay off said incumbrance; that during the 14 years he occupied the land he expended in taxes and improvements thereon the sum of

$4,300.15, as shown by an annexed statement; that he made said expenditures in good faith, believing that he and his sister Hulda owned said land, and that a proper conveyance would be made, vesting them with the title thereto. He asks that if partition be made he be allowed an additional amount of land, or the proceeds thereof, equal in value to said expenditures. Plaintiffs in reply deny every allegation in said answers, and allege that said expenditures have all been paid in the use of the farm, that its use was worth $600 a year, that defendants are indebted to Louise J. Wharton in the sum of $3,000, and that the said counterclaim for said expenditures is barred. They deny that Mrs. Wharton lived with the defendants, but say that they (the defendants) lived with her, and that she furnished support for both of them. March 29, 1899, plaintiffs filed an amendment, asking that defendants be charged with rent since the decease of Mrs. Wharton, to be properly divided, and that a receiver be appointed to rent the premises and collect rents that may become due. Defendants, to conform their pleadings to the proofs, amended, alleging that the piano referred to was the property of defendant Hulda, and that all personal property on the place was given them by their mother when they went on the place. They join with the plaintiffs in asking an accounting of all matters between them and their mother and her estate. On the day the decree was rendered, April 10, 1899, defendants filed a supplemental answer and counterclaim, in which they say they supported, clothed, and cared for their mother for 14 years, which was worth $200 a year, which they ask to have set off against rent of the farm, and that the court hear evidence as to the value of said support. The court, without hearing further evidence, rendered a decree finding against the defendants on their claim of ownership of the land, and in their favor in the sum of $915 on the accounting, and decreeing the same to be "a valid, first and specific lien on the two-thirds interest of plaintiffs in said land." The court further found that the land cannot be divided, and appoint-

ed a referee to sell the same. The decree provides that "the question of rents of place since the death of said Louise J. Wharton is reserved, and in no manner adjudicated or determined by this decree." From this decree the defendants appealed by giving due notice thereof on the eleventh day of April, 1899, and filed their abstract of the record in this court on the eighteenth day of September, 1899.—*Affirmed.*

*B. W. Preston* and *John D. Malcolm* for appellants.

*Bolton, McCoy & Bolton* for appellees.

GIVEN, C. J.—I. On the third day of January, 1900, plaintiffs filed in this court what is entitled "Appellee's Amendment to Abstract." This shows that on April 10, 1900, defendants moved to strike said amendment to the petition filed March 29, 1899, because filed without leave, and because it pertains entirely to matters arising after the death of Mrs. Wharton, which matters are not involved in this suit. This motion was sustained, to which plaintiffs excepted. This amendment to the abstract further shows that on April 12, 1899, plaintiffs moved the court to direct the referee, pending sale and appeal, to take charge of and to rent the land to defendants or to other parties, and that said motion was overruled, and that plaintiffs excepted. It shows that on the thirteenth day of April, 1899, plaintiffs filed a petition setting out the matters as theretofore alleged, and asking again that the referee be authorized to rent the land. This motion was overruled and plaintiffs excepted. A bill of exceptions shows that defendants moved, on six different grounds, to strike this "petition for an order." Following this are what purports to be corrections of defendants' abstract as to the evidence, then defendants' notice of appeal, and then a second notice of appeal by the defendants from all orders, rulings, and judgments entered at the April term, which last notice was served August 18,

1899. On January 25th plaintiffs filed "Appellees' Second Amendment to Abstract," setting out some of the evidence. It appears that the case was heard and decree rendered by his honor, Judge Dewey, and that what followed was before his honor, Judge Scott. Defendants move to strike appellees' amendment to abstract filed January 3, 1900, upon the grounds that the orders appealed from are no part of the case, and that the abstract was not filed in time, namely, 30 days before the January, 1900, term. Plaintiffs' counsel seek to excuse this delay by showing an arrangement for an extension of time with defendants' counsel, but this is denied. There is an effort to give this abstract the character of an amendment to the defendants' abstract, but, plainly, its purpose is to bring before us on plaintiff's appeal the rulings that follow the decree. As this abstract was not filed within the time required, defendants' motion to strike the same is sustained, and the defendants' motion to affirm on plaintiffs' appeal as to the orders and rulings made after the decree was rendered is also sustained.

II.   This brings us to consider the case as it stood at the time the decree was rendered, and first as to defendants' claim of equitable ownership of the land. The evidence is voluminous, but the following facts will be sufficient to show the reasons for our conclusion: Mrs. Wharton's children were all living away from her, except these defendants, who remained with her on the farm in question, and by industriously cultivating the farm provided a support for the three, and for needed improvements on the farm. It was certainly very commendable in them to thus kindly care for their aged mother. Their possession of the farm under these circumstances creates no presumption of ownership. It is said that as a return for their kindness their mother agreed to give them by deed or by will, but she never did so, and the courts cannot make the gift for her. It is sufficient to say that the plaintiffs' have failed to estab-

lish their claim of equitable ownership in the land by that clear and convincing proof which the law requires.

III.   As to the accounting, it may be that if plaintiffs had claimed that rents accruing after the death of Mrs. Wharton should be considered in the accounting, and defendants had claimed that for the support of their mother, in time, these claims should have been considered, but this we do not determine. Neither of these claims was made until after the case had been fully submitted.

It was discretionary with the court whether the case should be opened for further claims and evidence. These claims were not newly discovered, and there was no abuse of discretion in refusing to open the case to them.

The accounting as made by the court of the matters before it is eminently full, fair, and just, as is also the decree which it rendered.—AFFIRMED.