E. H. Ash v. R. M. Ash *et al.*, Appellants.

**Appeal by Part of Coparties:** NECESSITY OF NOTICE OF APPEAL. The appeal of part of defendants must be dismissed where they fail to serve notice of appeal upon their codefendants. Entry of appearance on part of the latter, in this court, will not cure the omission to serve such notice. ROBINSON, J., taking no part.

*Appeal from Buena Vista District Court.*—HON. LOT THOMAS, Judge.

FRIDAY, FEBRUARY 2, 1894.

THIS is a suit in equity for the partition of certain real estate. There was an issue made as to the extent of the interests of the respective parties to the land which is the subject of the suit. The court entered a decree fixing the shares of the parties in accord with the claim made by the plaintiff. A part of the defendants in the action appealed.—*Appeal Dismissed.*

*J. E. Buland* for appellants.

*H. F. Galpin* for appellee.

ROTHROCK, J.—It appears from the record that one H. C. Ash was at one time the owner of the land in controversy, and that he died seized of the same, leaving Mary A. Ash, his widow, and three children. Mary A. Ash subsequently married R. M. Ash, and afterward died. The contest arises over the question whether, after the death of H. C. Ash, his widow took a distributive share of his real estate, or a homestead therein. The court found that she did not elect to take a homestead interest in the land, and that the shares of the parties should be adjusted and fixed on the theory that she took a distributive share or dower in the land. It appears that certain mortgagees were

made parties defendant to the suit, for the purpose of adjusting their liens on the land. These mortgagees were codefendants with the appellants. They were not served with a notice of appeal to this court. A motion to dismiss the appeal was submitted with the case, on the ground that the disposition of the case in this court may be prejudicial to their interests. It appears to us that the motion must be sustained. The mortgages were not made by H. C. Ash, the ancestor of the parties, seeking a partition of the land. They were the mortgages of parties having an undivided interest in the land. Appellants seek to avoid the omission to serve notice on these parties by filing in this court certain papers, signed by them, in which they enter an appearance here. This is an appellate court, and it acquires jurisdiction of the parties by the service of a notice of appeal. There is no other method provided by law. There can be no appeal by consent of the parties. It is provided by statute that "a part of several coparties may appeal, but in such case they must serve notice of appeal upon all the other parties, and file proofs thereof with the clerk of the supreme court." Code, section 3174. See *Hunt v. Hawley*, 70 Iowa, 183, 30 N. W. Rep. 477; *Laprell v. Jarosh*, 83 Iowa, 753, 49 N. W. Rep. 1021; *Michel v. Michel*, 74 Iowa, 577, 38 N. W. Rep. 422. The appeal must be DISMISSED.

ROBINSON, J., took no part in the decision of this case.