In Re Estate of Alexander Moynihan, Deceased.

**APPEAL AND ERROR:** Failure to Serve Abstract or Argument—
1 **Affirmance on Motion.** Failure to serve either defendant or his attorney with abstract or argument entitled defendant to an affirmance on motion.

**TREATIES:** Collateral Inheritance Tax — Discrimination against
2 **Aliens—Great Britain.** The provisions of Art. 2 of the treaty between the United States and Great Britain forbid discrimination in succession taxes, (a) whether the inheritance consists of personal or real property, and (b) whether the deceased be an alien or a citizen of the United States. (Act March 2, 1899, 31 Stat. 1939.)

*Appeal from Polk District Court.*—Hon. Hugh Brennan, Judge.

Tuesday, March 16, 1915.

Rehearing Denied Wednesday, November 24, 1915.

Appeal by the state from certain orders entered in the above entitled probate case, relating to the collateral inheritance tax. The orders appealed from will be indicated in the opinion.—*Affirmed.*

*George Cosson,* Attorney General, *C. A. Robbins,* Assistant Attorney General, and *E. J. Kelly,* for appellant.

*Parsons & Mills* and *Dudley & Coffin,* for appellees.

Evans, J.—Alexander Moynihan died intestate, leaving a number of collateral heirs, all of whom are parties hereto. He left an estate consisting of personal property, amounting to something more than $3,000. Whether he left any real

estate is one of the points in controversy. The administrator listed 160 acres of land located in Iowa County, as property of the decedent. This land, however, was in the actual possession of Michael Moynihan, the brother, and had been in his actual possession for 35 years, and he claimed to be the owner of the same. Suit was begun in Iowa County against Michael by some of the collateral heirs for the recovery of such real estate. Michael appeared to such suit with a cross-bill, claiming title and asking that his title be quieted. A decree was entered in his favor on the cross-bill. Later, he filed an application in this probate case pending in Polk County, asking a formal order eliminating this real property from the list of assets of the decedent. This involved its elimination from the consideration of the appraisers for collateral inheritance tax purposes. Such application was granted. From this order, the state appealed.

I. The appeal has been submitted to us with a motion on behalf of Michael for an affirmance of the case or a dismissal of the appeal, because the appellant has failed to serve upon Michael or upon his attorney any abstract or argument. This motion is resisted on the alleged ground that Michael was represented in the trial below by more than one attorney, and that service was made upon one of such attorneys. The record and showing furnish no fair support for the ground of alleged resistance. Michael appeared below by Mr. Kirby as his sole attorney. This fact appears both by appropriate affidavits in support of the motion and in the record itself. There were other attorneys who appeared for other collateral heirs. As to these, their clients were specifically named in the record. The same record shows Mr. Kirby as appearing for Michael. No other attorney was authorized to appear for him or purported to appear for him, nor did Mr. Kirby appear for any other party. The notice of appeal expressly recognized Mr. Kirby as sole attorney for Michael. The appellant, therefore, was clearly in default in

1. APPEAL AND ERROR: failure to serve abstract or argument: affirmance on motion.

failing to serve abstract and argument upon Mr. Kirby or upon his client. No excuse is offered for such default other than the resistance above indicated. The motion to affirm as to Michael must, therefore, be sustained.

II. There is a second branch of the appeal which involves the interests of certain alien collateral heirs. Such alien heirs are subjects of Great Britain. As collateral heirs, they are entitled to a share of the personal property above referred to. Because they are alien, the state contends that their succession is subject to a tax of 20%, under our statute. Because of the terms of our treaty with Great Britain, it is contended for these alien heirs that they cannot be subjected to any greater tax than the resident heirs. This was the view adopted by the trial court, and the rate of tax against each succession was fixed at 5%.

2. Treaties: collateral inheritance tax: discrimination against aliens: Great Britain.

We had occasion, in *McKeown v. Brown*, 167 Iowa 489, to consider the effect of the terms of our treaty with Great Britain, as bearing upon the rate of collateral inheritance tax chargeable against subjects of Great Britain. The cited case, however, dealt with real property only. We have now to consider the effect of the same upon the succession to personal property. It is contended by the appellant that the terms of the treaty do not forbid discrimination in succession taxes when the inheritance consists of personal property. Article II of such treaty is as follows:

"Article II. The citizens or subjects of each of the contracting parties shall have full power to dispose of their personal property within the territories of the other, by testament, donation, or otherwise; and their heirs, legatees, and donees, being citizens or subjects of the other contracting party, whether resident or nonresident, shall succeed to their said personal property, and may take possession thereof, either by themselves or by others acting for them, and dispose of the same at their pleasure, paying such duties only as the citi-

zens or subjects of the country where the property lies shall be liable to pay in like cases.''

Alexander Moynihan, the decedent, was a resident of this country. Whether he was a citizen hereof does not directly appear. It is so assumed, however, in appellant's argument, and we will assume it likewise. One of the contentions in argument is that Article II is applicable only to the inherited estate of an alien who dies in this state, and that it is, therefore, not applicable to the case at bar, because Alexander Moynihan was not an alien. The article will not bear such construction. Alexander Moynihan being a citizen of this country, his ''heirs, legatees and donees being citizens or subjects of the other contracting party, . . . shall succeed to their said personal property and may take possession thereof . . . and dispose of the same . . . paying such duties only as the citizens and subjects of the country where the property lies shall be liable to pay in like cases''. It will be noted, therefore, that this article covers *succession,* *possession,* and *disposal* of personal property, all to be subject to such duties only as the citizens of the country where the property lies will be liable to pay in like cases. No reason appears, therefore, why any different effect should be given to the terms of the treaty, as applied to personal property, than was given in the *McKeown* case, *supra,* as applied to real property.

The order entered below is, therefore,—*Affirmed.*

DEEMER, C. J., WEAVER and PRESTON, JJ., concur.

---

### SUPPLEMENTAL OPINION ON REHEARING.

A petition for rehearing has been submitted in this case, the same having been argued somewhat in conjunction with the original submission in the case of *Brown, State Treasurer, v. Hanora Daly et al.,* wherein opinion has been handed down at the present term, 172 Iowa 379. The discussion in the cited

case is applicable to the facts of the present case and is controlling of the result. The result is that our affirmance of the judgment of the lower court is adhered to. We prefer, however, to rest our opinion upon the grounds indicated in the cited case.—*Affirmed.*

DEEMER, C. J., WEAVER and PRESTON, JJ., concur.