FARMERS STATE SAVINGS BANK OF PROMISE CITY et al., Appellants, v. W. A. MILES et al., Appellees.

*Steele & Miles*, for appellants.

*Evans & Garrett*, for appellees.

DE GRAFF, J.—The appellees in conformity to the provisions of Section 12848, Code of 1927, on April 17, 1928, filed a motion for alternative relief, either to dismiss the appeal or  affirm the judgment entered by the trial court in this cause. The prayer for relief is in proper form. *Pilkington v. Potwin,* 163 Iowa 86. The certificate filed by the appellees in support of their motion is in conformity to the statute. The primary ground of the motion is that the appellants did not file an abstract of record in this cause within 120 days, as provided by statute, after the appeal was taken and perfected, and that the said appellants did not apply for or obtain an order of this court or any member thereof for an extension of time for the filing of an abstract in said cause.

The applicable statute (Section 12847, Code of 1927), provides:

"An abstract must be filed within one hundred twenty days after the appeal is taken and perfected unless further time is given before the expiration of said time by the Supreme Court or a judge thereof for good cause shown."

Rule 14-a1 of the Rules of the Supreme Court of Iowa provides:

"An extension of time within which to file abstract will be granted only upon reasonable notice to the adverse party or his attorney, proof of which service shall accompany the application."

This court will take judicial notice of its own records. *Dayton v. Pacific Mut. Life Ins. Co.,* 202 Iowa 753. In the instant case, the abstract of appellants was not filed within the

768

statutory · time, and it is conclusively shown that the judgment and decree in this case was entered of record in the district court of Iowa in and for Wayne County on November 28, 1927, and that the appeal therefrom was perfected on November 28, 1927. It is also shown that the appellants did not obtain an extension of time, as provided by statute and rule for the filing of an abstract of record prior to the time of the expiration of the 120 days from the date of perfecting the appeal, nor was any notice served upon the appellees, or either of them, of any intention to ask for an extension of time for the filing of the abstract, nor was any application in this particular made to this court or any member thereof, nor was any such order entered.

This court may, under proper circumstances, waive its own rules, but it has no authority to waive a rule of statute, nor may this court enter an order *nunc pro tunc* to the effect that an abstract filed after the expiration of the time prescribed by statute shall be considered as filed. The provisions of statute requiring an abstract to be filed within a specified time are not simply directory, but must be complied with, to entitle a party to be heard in this court, unless waived by the agreement or act of the appellee. *Turner v. Hine*, 37 Iowa 500; *Newbury v. Getchell & Martin Lbr. & Mfg. Co.*, 106 Iowa 140; *Ruby v. Downs*, 113 Iowa 574.

It has also been held, that, where appellee filed a motion to affirm or dismiss, and, before said motion is ruled, the appellee files a denial and argument in the main case, the motion is not thereby waived. *Brown v. Farmers L. & Tr. Co.*, 109 Iowa 440.

In the instant case, the motion to dismiss or affirm was served on the adverse party on April 16, 1928, and was filed in this court April 17, 1928. Upon submission of the cause, appellees' motion to dismiss or affirm was ordered submitted with the cause. It follows that the appellees now have the right to insist upon a ruling on the motion.

It is obvious that the legislature repealed the former statute (Section 12847, Code of 1924), and enacted the present statute (Section 12847, Code of 1927), to expedite appellate procedure and prevent dilatory tactics in securing determination of appeals to this court.

It may be pointed out that the appellant, by affidavit attached to its resistance to the appellees' motion to dismiss or affirm, recites that counsel for appellant had a conversation with counsel for appellees, in which the latter stated that no claim would be made as to the filing of the abstract on time, for the reason of the fact that the abstract was being "held up" because of the possession by counsel for appellees of a certain exhibit; that counsel for appellant did not ask of counsel for appellees for an agreement in writing for the reason that the latter were fully advised of the situation.

By counter-affidavit, filed in reply to appellant's resistance, counsel for appellees state that they had no knowledge as to the progress of appellant's attorneys in preparing the abstract, except that appellant repeatedly promised that, "in a day or two," or "in a few days," an abstract in said cause would be handed to attorneys for appellees; that these promises were made many days before the expiration of the time for filing the abstract; that at no time was an extension of time to file abstract ever requested nor was a desire for an extension of time ever expressed; that counsel for appellees at no time had any knowledge from appellant that the abstract could not or would not be on file as provided by law and the rules of the Supreme Court, but, on the contrary, never had a word of conversation with counsel for appellant or any other person as to delay in filing the abstract, and never at any time consented to any delay, and never at any time waived or agreed to waive the law and the rule requiring the filing of said abstract in 120 days; that the said exhibit referred to in appellant's affidavit in no sense delayed the filing of the abstract, since counsel for appellant had access to said exhibit; that neither counsel for appellant nor any other person ever at any time suggested to counsel for appellees that the latter in any manner delayed or caused the delay in the preparation and filing of the abstract.

We do not deem it necessary to determine the conflict in sworn statement involving the instant dispute and misunderstanding between counsel of the respective parties in suit. It is to be regretted that such a condition arises between such estimable and trustworthy gentlemen. We said in *Brown v. Farmers Loan & Tr. Co.,* supra:

"Understandings arrived at from conversations between counsel cannot 'be considered, unless reduced to writing and filed in the case, or consented to in open court."

See, also, *Standard Oil Co. v. Marvill*, 201 Iowa 614. This is a wise rule, since the time of this court should not be taken in controversial matters of this character. We cannot sit in judgment as to the veracity of reputable affiants as attorneys in this court, and determine misunderstandings between them. The theory of estoppel cannot find its predicate on alleged conversations affirmed on one side and expressly denied by the other, as in the instant case.

It is true that this court has refused, in certain cases, to sustain motions to affirm or dismiss, but an examination of such cases will disclose that the reason for overruling said motion was the long delay on the part of the appellee to file his motion. An appellee must act with reasonable promptness in a matter of this kind, so that the court may not say that he is estopped to question the right of appellant to proceed with the prosecution of his appeal. For instance: In *Armentrout v. Baldwin*, 163 Iowa 410, the motion to affirm or dismiss was not filed until the third term after the abstract was due to be filed. See, also, *McDermott v. Hacker & Co.*, 109 Iowa 239; *Hewitt v. Blaise*, 202 Iowa 1109.

In the case at bar, the appellees did act with reasonable promptness. The appellees rely squarely, and have the right to rely, upon the provision of statute which expressly and specifically limits the time in which an abstract may be filed. The decision in *Botna Valley State Bank v. Cary*, 205 Iowa 913, is here controlling, and it is said in opinion:

"The statute provides for the *filing* of the abstract within 120 days, not for the service of the abstract. Even if the service of the abstract may be regarded as 'timely,' the filing was not, and the matter of filing is controlled by the statute. The only way that the express provisions of the statute requiring the filing of the abstract to be within 120 days can be avoided is by procuring an extension of time from this court or a judge thereof. This not having been done, the motion to dismiss must be, and it is, sustained."

The motion of appellee in the instant matter is sustained, and accordingly the appeal is—*Dismissed.*

STEVENS, C. J., and ALBERT, MORLING, and WAGNER, JJ., concur.