WATERLOO SAVINGS BANK, Appellant, v. TOWN OF REDFIELD, Appellee.

No. 40650.

872

Pike, Sias, Zimmerman & Butler, for appellant.

Curtis W. Gregory and Howard L. Bump, for appellee.

Albert, J.—At the threshold of the case we are met with a motion to dismiss this appeal on the ground that the abstract of record was not filed within 120 days from the perfecting of the appeal, and no time was extended by this court or a judge thereof, all of which is admitted by the appellant. But appellant insists that his abstract was filed September 15, 1930, the motion to dismiss was served December 2, 1930, and during the intervening time he had been to the expense of preparing, printing and filing a brief and argument which was filed November 5, 1930, and that the appellee by his conduct has waived his right to object to the delay in filing the abstract, and is estopped from raising the question at this time. To this question we will give attention.

Since the filing of the opinion in Turner v. Hine, 37 Iowa 500, and Newbury v. Getchell & Martin Lumber Company, 106 Iowa 140, it has been the holding of this court that the time of filing the abstract is jurisdictional, and in the event the abstract is not filed within the statutory time (or within the time extended by the court under the statutory right so to do) the court acquired no jurisdiction. The last expression of the court on this proposition seems to be in Farmers State Savings Bank v. Miles, 206 Iowa 766.

During the development of this question, through its various mutations, there seems to have been an exception added to this statutory provision which is purely *ex cathedra* to the effect that the appellee may waive or be estopped from raising this

jurisdictional question by failing to promptly avail himself of the right to call the same to the attention of the court. Typical illustrations of this rule are found in Newbury v. Getchell & Martin Lumber Co., 106 Iowa 140; McDermott v. Hacker, 109 Iowa 239; Armentrout v. Baldwin, 163 Iowa 410; Hewitt v. Blaise, 202 Iowa 1109 (decided December 16, 1926).

During the early development of this estoppel doctrine, there was no statute or rule of this court fixing the time when the question of want of jurisdiction should be presented to the court, and the court went so far as to hold in the case of Martin v. Martin, 125 Iowa 73, that such want of jurisdiction could be raised even as late as the submission of the case after rehearing had been granted. (This case was decided May 9, 1904.)

Following the decision in the Martin case and apparently with intent to control this matter by statute, the legislature enacted Chapter 206, Laws of the 33 G. A. (1909), reading as follows:

"All objections to the jurisdiction of the court to entertain an appeal must be made in printed form stating specifically the ground thereof and served upon the appellant or his attorney of record not less than ten days before the date assigned for the submission * * *."

This is known as the "Peterson Law".

The 42d G.A., Chapter 232, amended this section by striking out the word "printed" and substituting therefor the word "written". This section, as thus amended, appears as section 12885, Code, 1927.

The time for filing abstracts has been changed a number of times by reason of statutory enactments and by reason of the omission from the Code of 1924 of certain sections which formerly existed. We made a pronouncement of this rule in Mullenix v. Fairfield National Bank, 201 Iowa 137.

To clear this troublesome question, in 1927 the 42d G.A. passed Chapter 231, which, among other things, provides:

"An abstract must be filed within 120 days after the appeal is taken and perfected unless further time is given before the expiration of said time by the supreme court or a judge thereof for good cause shown."

The time, therefore, when an abstract must be on file

is definitely fixed by this new enactment and under our prior decisions holding that the filing within this time so fixed is necessary to invoke the jurisdiction of the supreme court, it logically follows that if not fixed within the time prescribed by said section, the jurisdiction of this court does not attach.

The next question is: When and how must want of jurisdiction be raised?

One section of the statute which helps to answer this question is Section 12848, Code, 1927, which reads:

"If the abstract is not filed within one hundred twenty days after the appeal is taken and perfected or is not filed within the further time as fixed by the court or judge, the appellee may file an abstract of such matters of record as are necessary, or may file a copy of the final judgment or order appealed from, or other matters required, certified to by the clerk of the trial court, and cause the case to be docketed, and the appeal upon motion shall be dismissed, or the judgment or order affirmed."

This method of taking advantage of the failure to file the abstract within time, in substance, has been in the Code of Iowa since the Revision of 1860, sections 3514 and 3515; Code of 1873, sections 3181 and 3182; Code of 1897, Section 4120; Codes of 1924 and 1927, Section 12848. While this section, in substance, has been the statutory law of Iowa for all of these years, it has been the habit of the court, regardless of this statutory method, on oral suggestions to the court at any time, if the court lacks jurisdiction, to consider such question, although no motion was filed in compliance with the above provision of the statute and it was during the time this condition existed that the waiver or estoppel theory, above referred to, was adopted and applied by the court.

As above set out, in 1909, the legislature adopted Chapter 206, 33d G.A., which provided, in substance, that all objections to the jurisdiction of the court must be in writing, served upon the opposing party or his attorney not less than ten days before the date assigned for the submission of the cause. The substance of this statute, however, was to take away the right to simply suggest want of jurisdiction to the court, and to fix a time within which such objection must be made. We thus have now a definite time within which the abstract must be on file. It is also settled

definitely by statute that one who wishes to raise a jurisdictional question must serve upon opposing counsel a written statement of his objections to the jurisdiction at least ten days before the cause is assigned for submission. In other words, this statute legally authorizes any person who wishes to raise the question of jurisdiction to do so at any time after the abstract is filed and prior to ten days before the case is assigned for submission.

The only cases decided that we have been able to find since the adoption of the Peterson Law wherein the estoppel doctrine is recognized are Greeson v. Greeson, 185 Iowa 1096; Hewitt v. Blaise, 202 Iowa 1109, 1110.

In neither of these cases was the attention of the court called to, nor is reference made, to the Peterson Law. The inevitable result of this legislative enactment was to make invalid and inoperative the estoppel doctrine theretofore recognized, and also recognized in the cases last-above cited. It is our holding, therefore, that the time not having been extended for filing of the abstract in this case and the same not having been filed within 120 days after the perfecting of the appeal, and the motion to dismiss for want of jurisdiction having been filed more than ten days before the time the case was assigned for submission, the estoppel doctrine has no application. The motion was filed in time and being properly bottomed, it is sustained.—Appeal dismissed.

FAVILLE, C. J., and EVANS, KINDIG, WAGNER, and GRIMM, JJ., concur.