COGGON STATE BANK, Appellee, v. ONEY WOODS et al., Appellees; H. J. MANCHESTER, Sheriff, et al., Appellants.

No. 40530.

OCTOBER 20, 1931.

B. D. Silliman, for appellants.

C. J. Haas, for plaintiff-appellee.

Deacon, Sargent, Spangler & Hutchinson, for defendants-appellees.

WAGNER, J.—The defendant, Manchester, is the sheriff of Linn County and the defendants, L. N. and W. F. Stahr, a co-

partnership, is the judgment creditor of the defendants, Oney Woods and his wife, Marguerite Woods.

This controversy arises over two buildings, a barn or shed and a corn crib, and about three hundred fence posts, all of which are upon the Woods' real estate, consisting of approximately 110 acres. In December, 1927, the defendants, Oney and Marguerite Woods, executed unto the plaintiff a mortgage upon said real estate, to secure the payment of $10,700.00. After the execution of the mortgage, the barn and corn crib were erected on the real estate and the fence posts in question were cut by Woods, and it is the contention of the plaintiff that they were cut from growing trees, not for the purpose of sale but for the sole purpose of repairing old fences and erecting new ones upon the real estate. In April, 1929, the Stahr copartnership obtained a judgment against the defendants, Oney Woods and Marguerite Woods, and there was issued an execution, which was placed in the hands of the sheriff, Manchester, and he levied, or attempted to make a levy, upon the barn, corn crib and fence posts for the purpose of selling the same on execution sale to make the amount of the Stahr judgment. It is the claim of the appellants that, under the facts of this case, the barn, corn-crib and fence posts are personal property, while it is the claim of the plaintiff, that all of the same are appurtenant to and a portion of the real estate covered by its mortgage. After the levy, or pretended levy, by the sheriff upon said articles, the plaintiff began this action against the sheriff and judgment creditor, making the aforesaid Oney Woods and Marguerite Woods and also Walter Woods, Parties defendant, they being the owners of the real estate and necessary parties to a full and complete determination of the controversy. It alleges in the petition that all of said articles were designed for use upon and in connection with the real estate by the owner, and that they are a portion thereof. It alleges that the sheriff had no right to levy upon and treat said property as personal property, and sever the same from the real estate, and prays, in substance, that the barn, corn crib and fence posts be decreed to be a portion of the real estate, subject to the lien of its mortgage as a first lien, and that the sheriff be enjoined from selling or offering to sell said property under the pretended levy. The defendants, Woods, appeared and in their answer admitted the truth of the material

allegations of plaintiff's petition. Upon trial, the court determined the issues in accordance with the allegations of plaintiff's petition and enjoined the sheriff and judgment creditor from selling or attempting to sell the barn, corn crib and posts. From this judgment and decree, the judgment creditor and sheriff appeal.

At the threshold of our examination, we are met with a motion by the plaintiff-appellee, praying in the alternative to dismiss the appeal or affirm the judgment of the trial court. The relief asked is based upon two grounds: (1), that the abstract was not filed within the limit of time provided by the statutory law and (2), that no notice of appeal was served upon the defendants, Woods. We will consider these two grounds separately. Section 12837, Code, 1927, provides:

"An appeal is taken and perfected by the service of a notice in writing on the adverse party, his agent, or any attorney who appeared for him in the case in the court below, and also upon the clerk of the court wherein the proceedings were had, stating the appeal from the same, or from some specific part thereof, defining such part."

■ It will be noted that it is the requirement of said section that notice of appeal be served upon the adverse party, his agent or attorney, and also upon the clerk of the district court. While not material, perhaps it is not amiss to say that the requirement for service upon the clerk of the district court has now been removed from the statute. See Chapter 236, Laws 44 G. A., and Section 12837, Code, 1931.

■ The notice of appeal in this case shows upon its face that it was served upon both the attorney for the plaintiff and the clerk of the district court on February 12th, 1930, and filed with the clerk of the district court on February 14th, 1930. The time of the taking and perfecting of the appeal is the date of the service of the notice, not the date of the filing. See Baldwin v. Tuttle, 23 Iowa 66. Section 12847, Code, 1927, provides:

"An abstract must be filed within one hundred twenty days after the appeal is taken and perfected *unless further time is given before the expiration of said time* by the supreme court or a judge thereof for good cause shown." (Writer's italics.)

1392

It is provided by Section 12848, Code, 1927, that upon motion, the appeal shall be dismissed or the judgment affirmed "if the abstract is not filed within one hundred twenty days after the appeal is taken and perfected or is not filed within the .further time as fixed by the court or judge." The abstract was in fact filed July 14, 1930, more than 120 days after the appeal was taken. On June 13th, 1930, the appellant's attorney presented to one of the Justices of this court an application, asking for an extension of time for the filing of the abstract. He therein states:

"That notice of appeal in the above entitled cause was served on the plaintiff on the 12th day of February, 1930; that notice of appeal was served on the clerk of the district court on the 14th day of February, 1930, and notice of appeal filed in the office of the clerk of the district court on the 14th day of February, 1930."

On June 13th, notice was served upon the plaintiff's attorney, stating that the application would come on for hearing before said Justice at his office on June 14th, 1930, at 9 o'clock A. M. At the stated time, on June 14th, no one appearing for the plaintiff, the Justice being assured by the averments of the application, and in good faith believing that the one hundred twenty day period for filing of abstract had not, as yet, expired, granted an order giving the appellants thirty days additional time within which to file abstract. It will be noted, from the aforesaid statutory law, that there is no authority for extension of time for filing abstract, unless given "before the expiration of said time" (one hundred twenty days after the appeal is taken and perfected.) It will be noted, that the abstract was in fact filed within the thirty day period granted by the Justice. It is not claimed by counsel for the appellant, nor could it be, that the order granted by the Justice on June 14th is of any force and effect, unless the same was in fact granted before the expiration of the one hundred twenty day period.

We, as members of this court, are not privileged or authorized to waive or set aside the provisions of the statutory law, in this respect. See Newbury v. Getchell & Martin Lumber & Manufacturing Company, 106 Iowa 140, wherein we made the following pronouncement:

"The court cannot waive a statutory rule which the statute does not authorize it to waive."

Also see Farmers State Savings Bank of Promise City v. Miles, 206 Iowa 766, wherein we said:

"This court may, under proper circumstances, waive its own rules, but it has no authority to waive a rule of statute * * *."

The provisions of the statute requiring the abstract to be filed within a specified time are not directory but mandatory. See, Turner v. Hine, 37 Iowa 500; Farmers State Savings Bank of Promise City v. Miles, 206 Iowa 766; Newbury v. Getchell & Martin Lumber & Manufacturing Company, 106 Iowa 140. Since the statute is mandatory, unless the appellants have complied with the statute within the period of time specified, then the appellee is, as a matter of law, entitled to the alternative relief of either a dismissal of the appeal or an affirmance. Botna Valley State Bank v. Cary, 205 Iowa 913; Farmers State Savings Bank of Promise City v. Miles, 206 Iowa 766; Waterloo Sav. Bank v. Town of Redfield, 213 Iowa ——.

The appellants' contention at this point is, that the notice of appeal was in fact served upon the clerk of the district court on February 14th, the date of its filing, instead of February 12th, as clearly appears from the face of the notice. The notice bears the following acceptance of service:

"Service of the within notice of appeal is hereby acknowledged and a copy of the same received this 12th day of February, 1930.

"Chas. J. Haas, Attorney for the plaintiff.
"Olive S. Johnson, Clerk of the District Court."

More than a month after the filing with the Clerk of the Supreme Court of appellee's motion to dismiss or affirm, the appellants' attorney filed with said clerk a motion to correct the record; asking this Supreme Court to correct the record, so as to show that the notice of appeal was served on the clerk of the district court on the 14th day of February, 1930, in accordance with what he claims are the true facts of the case. This motion is supported by the attorney's affidavit. This court has no power to correct the date of service as shown upon the notice,

even if it should find that appellants' contention in this respect is correct. Any correction of the record must be made in the district court. See Gardner v. The Burlington, Cedar Rapids & Northern Ry. Co., 68 Iowa 588; Stiles & Winter v. The Estate of Jesse Botkin, 30 Iowa 60; Jamison v. McCormick, 172 Iowa 666; Brier v. The Chicago, Burlington & Pacific Ry. Co., 66 Iowa 602; State Savings Bank of Rolfe v. Ratcliffe, 111 Iowa 662. A notice of appeal filed with the clerk of the district court constitutes a portion of the record of said court. See Section 10830, Code, 1927; Brier v. The Chicago, Burlington & Pacific Ry. Co., 66 Iowa 602, at 604. In Jamison v. McCormick, 172 Iowa 666, we said:

"It is suggested in argument by appellee, that there is a mistake in the record in that regard. If that be so, then a correction of the record should have been obtained in the lower court. The record to be presented here must be made there. The record made there cannot be avoided here."

In Gardner v. The Burlington, Cedar Rapids & Northern Ry. Co., 68 Iowa 588, this court made the following pronouncement:

"We have repeatedly held that records which are the basis of appeals to this court, if defective or not correct, must be corrected in the court below."

In Stiles & Winter v. The Estate of Jesse Botkin, 30 Iowa 60, we find the following pronouncement:

"The record must here be taken as conclusive of the facts which it recites. If erroneous in any respect, it should have been corrected by proper proceedings in the court below."

Also see on this proposition Ann. to the Code of Iowa, page 2115, and cases there cited. It is thus apparent that, if the notice of appeal was in fact served upon the clerk of the district court on February 14th, 1930, instead of February 12th of the same year, as claimed by appellants, they could, even after the appeal was taken, have had the correction made by following the proper procedure. See State Savings Bank of Rolfe v. Ratcliffe, 111 Iowa 662. We are bound by what appears upon the face of the notice. We must, therefore, consider that the notice of appeal

was served upon both the attorney for the appellee and the clerk of the district court on February 12, 1930. This being true, the one hundred twenty day period provided for by Section 12847, Code, 1927, expired on June 12th, 1930, and the order extending time for filing of abstract for a period of thirty days granted on June 14th, 1930, is of no avail to the appellants, because, according to the aforesaid section of the statute, it was not given or granted before the expiration of the one hundred twenty day period.

■ The appellants also claim that the attorney for the appellee, having failed to appear before the Justice on June 14th and make resistance, and having permitted the appellants to incur the expense of the printing of the abstract, has waived the time and is estopped from now asserting that the abstract was not filed in time. Our recent holdings under the statutory law, as it now exists, are adverse to this contention of the appellants'. See Waterloo Sav. Bank v. Town of Redfield, 213 Iowa ——; Botna Valley State Bank v. Cary, 205 Iowa 913. Appellee's motion must be sustained on the first ground hereinbefore mentioned.

■ Now, what as to the second ground of said motion, to wit, that no notice of appeal was served upon the defendants, Woods. Section 12834, Code, 1927, provides:

"A part of several coparties may appeal, but in such case they must serve notice of such appeal upon those not joining therein, and file proof thereof with the clerk of the court from which the appeal is taken."

No notice of appeal was served upon the defendants, Woods. It is the universal holding of this court, that, on motion, the appeal must be dismissed if a reversal or modification of the decree would be prejudicial to the rights of the coparties not served with notice of the appeal; in such case, it is necessary that this court have jurisdiction of all the necessary parties, and this jurisdiction is obtained only by service upon them of a notice of appeal. See, Ash v. Ash, 90 Iowa 229; Brewer v. Stark, 198 Iowa 1238; Oskaloosa Savings Bank v. Miller, 189 Iowa 393; Barkley v. Henke, 209 Iowa 731. Numerous other cases could be cited on this proposition. It will be remembered, that the appellants, Woods, admitted the material allegations of plaintiff's petition, virtually joining the plaintiff in its contention.

1396

The trial court held that the barn, corn crib and fence posts are a portion of the real estate. The appellant is seeking a separate sale of the same as personal property. The trial court held adversely to the appellants, but not to the defendants, Woods. The judgment of the court below is res adjudicata as to the Woods, unless and until reversed or modified. This court cannot reverse or modify the same to their prejudice, without jurisdiction as to them. The record fails to disclose the value of the farm, nor do we think it material. The sale of the aforesaid articles as personal property would be absolute and without redemption. The appellants, Woods, as owners of the farm, or having an interest therein, would be immediately deprived of any rights therein. If the aforesaid articles are a portion of the real estate, as held and adjudicated by the trial court, they are entitled to the use and possession thereof as a part of the real estate. While the plaintiff in this action does not seek foreclosure of its mortgage, yet, if a foreclosure should be asked and granted, the sale of the real estate, including the appurtenances, as found by the trial court, would be subject to redemption. It is quite apparent that a reversal or modification of the decree rendered by the trial court would prejudicially affect them. Therefore, the motion to dismiss is equally good as to the second ground thereof.

For the foregoing reasons, the motion to dismiss the appeal is sustained and the appeal dismissed.—Appeal dismissed.

FAVILLE, C. J., and STEVENS, DE GRAFF, and ALBERT, JJ., concur.