GORDON-VAN TINE COMPANY et al., Appellants, v. IDEAL HEATING & CONSTRUCTION COMPANY et al., Appellees.

No. 43652.

FEBRUARY 16, 1937.

Carroll Bros., for appellants.

Realff Ottesen, for Ideal Heating & Constr. Co., Cement Products Co. and Iowa Furniture & Carpet Co., appellees.

Betty & Betty, for Steinhaus Heating Co., appellees.

ANDERSON, J.—This action was commenced by the plaintiffs alleging that they were the owners of the fee title to certain real estate in Scott County, Iowa, and the appellees herein, the lien claimants, were made parties defendant together with others. Other defendants, Charles P. Wolf and one Nehlsen, and possibly others, defaulted and are not parties to this appeal. The facts necessary to a disposition of the appeal are briefly as fol-

lows: The defendant, Wolf, owned the real estate in question and was an extensive builder, contractor, and promoter. He erected a dwelling house upon the real estate in question and made a contract selling the same to the defendant, Nehlsen. This contract, however, was later forfeited and canceled because of nonperformance and default on the part of the grantee. Wolf purchased supplies and material for the erection of the building from the plaintiff, Gordon-Van Tine Company, and also from the four mechanics' lien claimants—Ideal Heating & Construction Company, Cement Products Company, Steinhaus Heating Company, and Iowa Furniture & Carpet Company. Only one of the lien claimants filed a lien statement within the time prescribed by statute and there is a dispute as to whether that one did actually file its claim within the statutory period. After the statutory period for filing lien statements had expired, the Gordon-Van Tine Company took a conveyance of the real estate from the defendant, Wolf. The conveyance being in form a warranty deed, but the record shows without dispute that it was taken as collateral security for a claimed mechanic's lien of the Gordon-Van Tine Company. Later the Gordon-Van Tine Company conveyed the real estate to its co-plaintiff, Inland Securities Corporation. The officers of the Gordon-Van Tine Company and the Inland Securities Corporation were the same persons and the record discloses that the latter company was simply a subsidiary of the Gordon-Van Tine Company and that one Claussen was treasurer of both companies and the executive officer who handled the transactions here in question. Claussen as a witness frankly admitted that the purpose of the conveyance from the Gordon-Van Tine Company to the Inland Securities Corporation was, as he conceived it, to place the latter company in the position of being a good faith purchaser for value. The defense interposed by the four lien claimants was that the conveyance from Wolf, the original title holder, to the Gordon-Van Tine Company was not in good faith; was not for a valuable consideration and was with notice of the existence of the appellees mechanics' lien claims; and that the companion company, Inland Securities Corporation, took the conveyance from the Gordon-Van Tine Company with the same burdens in these respects as existed as against the Gordon-Van Tine Company.

The trial court found for the mechanics' lien claimants and specifically found that there was no consideration for the con-

veyance to the Gordon-Van Tine Company; that the conveyance was taken with notice of the existence of the mechanics' liens; and that the transaction was not in good faith. The court established the liens of the respective claimants and ordered a foreclosure of the same and directed that the real estate be sold to satisfy the said liens and directed that the proceeds of such sale be applied to the payment of the liens in a priority fixed by the decree. Personal judgment was entered against the defendant, Charles P. Wolf, for the various amounts found due on the mechanics' liens and judgment was also entered against him for the costs of the suit.

We have carefully read the record in this case and are satisfied that the record amply supports the finding and judgment of the learned trial court. However, it is not necessary that we go into a detailed statement and discussion of the record as the appeal must be disposed of on a ruling on a motion to dismiss the appeal, which we will now consider.

We have made the foregoing brief statement of the facts in the case to the end that the pertinency of the appellees' motion to dismiss the appeal may be the better understood. As is indicated in the foregoing statement of fact, personal judgments for the amount of these various claims together with costs was entered against the defendant, Charles P. Wolf, but the decree provided that the real estate involved should be sold and the proceeds applied to the payment of the various judgments and costs. Charles P. Wolf was not named either as appellant or appellee in this appeal and no notice of appeal was served upon him. The appellees' motion to dismiss the appeal is based upon such failure. The appellants resist the motion to dismiss on the ground that Wolf defaulted in the lower court, and that long before this suit was commenced he had conveyed the real estate involved to the appellant, Gordon-Van Tine Company, and was no longer a necessary party or interested either in the trial below or in this appeal. However, it will be noticed that personal judgments for the amounts of the various liens and costs were entered against Wolf and established as liens on the real estate involved and the real estate ordered sold for the purpose of paying the judgments. If the case should be reversed and the title quieted in the appellants as against these lien claimants then the lien claimants would still have their personal judgments against Wolf, while if the property is sold under the decree such judg-

ments will be satisfied pro tanto. Wolf is certainly interested in this appeal and is a necessary party because his interest and position would be adversely affected by a reversal of the decree of the lower court.

It follows that the motion to dismiss the appeal must be and is sustained, and the appeal is hereby dismissed.—Dismissed.

RICHARDS, C. J., and KINTZINGER, MITCHELL, PARSONS, HAMILTON, STIGER, and SAGER, JJ., concur.