MATILDA HOFFMAN, Executrix, Plaintiff, Appellee, v. P. F. BAUHARD et al., Defendants, J. S. PROCTOR, Defendant, Appellant.

No. 44626.

FEBRUARY 7, 1939.

F. G. Orelup and E. J. Grier, for appellee.

Hunt & Hunt, for appellant.

MILLER, J.—The appellant, Proctor, has attempted to appeal from an order appointing a receiver to collect the rents and profits of the real estate, against which the mortgage of the appellee, Hoffman, was foreclosed, during the period of redemption.

The record shows that on September 11, 1929, the defendant-appellee, Bauhard, executed a mortgage on the real estate involved herein in favor of one Peter Hoffman. Plaintiff-appellee, Matilda Hoffman, is the executrix of the estate of said Peter Hoffman. The mortgage contained a provision for the appointment of a receiver in the event of its foreclosure. On August 14, 1933, said Matilda Hoffman filed a petition to foreclose said mortgage and asked that a receiver be appointed. The suit appears to have been brought for the August 1933 term of court. Defendant-appellee, Bauhard, the original mortgagor, was made a defendant as was the defendant-appellant, Proctor, who had acquired title to the property covered by the mortgage, but who did not assume the mortgage when he acquired such title.

On September 11, 1933, appellant, Proctor, filed an application for continuance under the moratorium statute, which continuance was ordered on October 14, 1933. The order designated the clerk of court as receiver, and ordered the appellant, Proctor, to pay the clerk, as such receiver, the sum of $16.66 per month, the same to be applied on the indebtedness secured by the mortgage. During the succeeding four years, appellant appears to have paid to the clerk the sum of $338.35, which was applied by the clerk on such indebtedness in accordance with the order for a continuance.

Appellant being in default under the order for continuance,

plaintiff-appellee, on August 14, 1937, filed a motion for judgment and decree. Appellant's answer was filed October 1, 1937, and decree of foreclosure was entered October 7, 1937. The decree determined that the balance due amounted to $2,699.15, with interest at the rate of 8 per cent per annum from September 11, 1937. Personal judgment was entered therefor against the defendant-appellee, Bauhard, together with costs in the sum of $124.24, which included an attorney fee of $76.99, and judgment in rem was ordered against the premises. The lien of plaintiff's mortgage was declared to be superior to the claims of defendants named, was ordered foreclosed, and special execution authorized. No personal judgment was entered against any of the defendants other than Bauhard.

Special execution appears to have issued, and the premises were sold on November 12, 1937, the property being bid in by the plaintiff for the sum of $2,500 and judgment was entered against Bauhard for the deficiency.

On November 13, 1937, plaintiff filed a motion for the appointment of a receiver to collect the rents and profits during the period of redemption. No formal resistance to the motion for the appointment of a receiver appears to have been filed by appellant, but the record indicates that the matter was tried to the court upon an agreed statement of facts, filed by the attorney for plaintiff, and the attorney then representing appellant. The matter appears to have been quite fully argued and, thereafter, on January 10, 1938, the district court signed an order appointing R. E. Wellman receiver and fixing his bond in the sum of $1,000. This order appears to have been filed January 11, 1938.

In May 1938, appellant undertook to perfect an appeal from the order appointing said Wellman receiver. No appeal was attempted from the foreclosure decree. In September 1938, appellant's abstract of record was served and filed. Appellant's brief and argument was served and filed in December 1938. Appellee, Hoffman, served upon appellant and filed with the clerk of this court a motion to dismiss the appeal which was ordered submitted with the case. The grounds for the motion to dismiss are that appellant failed to serve notice of appeal upon the defendant-appellee, Bauhard, that he was adversely interested in this appeal and a necessary party thereto, and that failure to serve him prevented this court securing jurisdiction of this cause.

The recitation in appellant's abstract concerning the service of a notice of appeal fails to disclose, in our judgment, that any proper service of notice of appeal was made by appellant. However, the motion to dismiss sets forth a purported copy of the notice of appeal. Accepting this notice at full face value, it would seem to be defective and certainly the most that could be claimed for it would be that it imparted notice to plaintiff, her attorney of record, the attorney for the receiver, Wellman, and the clerk of court. While the notice is addressed to other parties, it does not appear to have been served upon any other parties. The only contention made by appellee, Hoffman, in the motion to dismiss, however, is that the notice of appeal should have been served upon the defendant-appellee, Bauhard.

We think that the appeal attempted herein is fatally defective for the failure to serve defendant-appellee, Bauhard. Appellant seeks to avoid the necessity of serving him on the theory that he was a co-defendant and not an adverse party. Apparently appellant relies upon the language of this court in the case of Fairchild v. Plank, 189 Iowa 639, 646, 179 N. W. 64, 67, wherein this court, in construing what is now section 12837 of the Code, states as follows:

"Who is the 'adverse party?' It seems to us it is all of the plaintiffs, if the defendants appeal, or all of the defendants, if the plaintiff appeals."

However, appellant's theory is not sufficient to meet the defect involved. Considering Bauhard as a co-party with appellant, we are faced with the requirements of section 12834 of the Code, which provides that a part of several co-parties may appeal, but, in such case, they must serve notice of such appeal upon those not joining therein, and file proof thereof with the clerk. This section of the Code was construed by this court in the case of Brewer v. Stark, 198 Iowa 1238, 200 N. W. 915, wherein this court states at page 1239, 200 N. W. at page 916, as follows:

"This statute has been construed in partition and other cases, and it has always been held that service of the notice of appeal must be made upon all co-defendants who may be prejudicially affected by an adverse decision of the appellate court. In such case, the notice is jurisdictional. Hunt v. Hawley, 70

Iowa 183, 30 N. W. 477; Ash v. Ash, 90 Iowa 229, 57 N. W. 862; State Sav. Bank v. Guaranty Abst. Co., 181 Iowa 1378, 151 N. W. 512, 165 N. W. 324; Oskaloosa Sav. Bank v. Miller, 189 Iowa 393, 176 N. W. 629; Taylor v. Woodburn Bank, 198 Iowa 772, 200 N. W. 208.''

As above pointed out, the only order, from which appeal was attempted, was the order appointing Wellman receiver to collect rents and profits during the period of redemption and apply the same upon the indebtedness secured by the mortgage of appellee, Hoffman. As pointed out in the motion to dismiss, appellee, Bauhard, was the only one against whom personal judgment was entered. If Wellman performs his duties as receiver, all of the rents and profits collected by him must be applied to reduce the personal judgment against Bauhard. If appellant were to prevail in this court, the order appointing the receiver would be set aside and the rents and profits during the period of redemption would become the property of appellant. They would not be available to reduce the deficiency judgment against Bauhard. In such situation, it is obvious that Bauhard is a co-defendant who might be prejudicially affected by an adverse decision of this court. American Comm. & Sav. Bank v. McCammond, 213 Iowa 957, 238 N. W. 77; Gordon-Van Tine Co. v. Ideal Heating & Const. Co., 223 Iowa 313, 271 N. W. 523.

Bauhard was a necessary party to this appeal. He should have been served with notice of appeal. No such notice was served upon him. The appeal is fatally defective. The motion to dismiss the appeal is well taken. The appeal must be and it is dismissed.—Dismissed.

CHIEF JUSTICE and all JUSTICES concur.