IN RE ESTATE OF THOMAS W. KELLEY, Appellant, v. JOHN KELLEY et al., Heirs, Objectors, Appellees.

No. 44577.

FEBRUARY 7, 1939.

Martin Neilan, for appellant.

Gill & Gill, for appellees.

BLISS, J.—Just why the appellant has entitled this proceeding as he has is not clear from the record. In the lower court all proceedings abstracted are entitled "In The Matter Of The Estate Of Thomas W. Kelley, Deceased." This appeal is

from a judgment on objections to the final report of the administrator.

The deceased died intestate on August 21, 1935, leaving no spouse or children, and his brother, Frank W. Kelley, on his own petition, was appointed administrator of the estate on August 27, 1935. He states that he published notice of his appointment, although the time and manner does not appear. His petition for appointment and also his preliminary inheritance tax report filed October 10, 1936, show the heirs to be Rose McKivergan of Ponca, Nebraska, a sister, Kate Heffernan, a sister, Joseph Kelley, a brother, Frank W. Kelley, the administrator, John Kelley of Rimini, Montana, a brother, and two nephews, John F. Kelley and James T. Kelley, both of Elk Point, South Dakota. Joseph Kelley died after the death of the deceased, and Hattie A. Kelley was appointed administratrix of his estate.

According to the inventory there was real estate valued at $13,700, cash on hand of $2,230, a judgment for $315.15, and a note for $1,250 executed by the administrator and his wife, Nellie Kelley, to the deceased on April 21, 1931.

On October 12, 1937, the heirs, Joseph and John Kelley, made application to the court to compel the administrator to account, and allege that he had never paid his indebtedness to the estate, nor made a complete accounting, or distribution. On the same day the court made an order requiring him to make a report on or before October 25, 1937. On October 21, 1937, the appellant filed answer stating that after the execution of the $1,250 note to the deceased, in the same year they orally agreed that if the appellant would take their sister, Kate Heffernan, into his home and care for her, the deceased would pay half of the expense, and that as she was still living he could not determine what that expense would be. On motion of Joseph and John Kelley, this answer was stricken by the court, and the appellant was directed to file his report within fifteen days. He filed the final report and application for distribution on December 9, 1937, setting out the receipts and disbursements and stating that the $1,250 note was in his possession ready to be delivered to the heirs. On January 3, 1938, "John Kelley, Hattie A. Kelley, Executrix of the Estate of Joseph J. Kelley, deceased, and heirs other than Frank W. Kelley," filed objections to the final report on various grounds, among them being his failure to collect from himself and distribute among the

heirs his own indebtedness to the estate. The record does not show what attorneys, if any, signed these objections. The appellant answered, again alleging the indebtedness of the decedent for the support of Mrs. Heffernan as an offset to his own indebtedness. John Kelley and Hattie A. Kelley, executrix, through their attorneys, Gill & Gill, moved to strike the answer, denying the oral agreement, alleging payment for the sister's care, and also setting up the statutes of fraud and also limitation. The motion was denied. The court, stating in its order "that the objectors to the final report of said administrator appear by their attorneys, Gill & Gill and present their motion to strike the administrator's answer to their objections to the final report." On January 20, 1938, John Kelley and Hattie A. Kelley, executrix, filed a reply to the appellant's answer to the objections to the final report, alleging substantially as they did in their motion to strike.

The final report and objections came on for hearing on February 9, 1938, and the court recites that the objectors appear by their attorneys, Gill & Gill and Naglestad, Pizey & Johnson. Hearings were apparently had intermittently until its final submission on March 1, 1938. On March 31, 1938, judgment and decree was rendered. It states:

"This cause comes, on before the court * * * for judgment and decree upon the objections to the administrator's final report and the administrator's application for authority to make distribution as set out in the administrator's final report, filed by John Kelley, Hattie A. Kelley, executrix of the estate of Joseph W. Kelley, deceased, and all heirs of Thomas W. Kelley, deceased, except the administrator, Frank W. Kelley and Mrs. Kate Heffernan."

The judgment further provided:

"One of the objections raised to the administrator's final report relates to the promissory note dated April 1, 1935, and executed by the administrator Frank W. Kelley and his wife Nellie Kelley, and payable to the deceased in the sum of $1,250.00 with interest as provided in the note. The administrator reported this note as an asset of the estate in the inventory filed herein but he has paid no part of the principal and interest on the note to the estate, and in his final report the administra-

tor prays for an order of distribution allowing him to turn the note together with other personal property over to the heirs. To the objection raised by the administrator, in his answer thereto and in an answer filed sometime theretofore to an application filed by certain heirs praying for an order directing the administrator to make final report alleges among other things that the deceased agreed to pay one-half of the expense for the keep, care, board, room and clothing of an invalid aged sister, Mrs. Kate Heffernan, one of the heirs in this estate, who has been living in the administrator's home since about December, 1931, and which expense the administrator alleges amounts to about $1916.00. However the record in this case discloses that the administrator did not regularly or timely file any claim against the estate of the deceased for the keep and care of said invalid sister and no such claim has been approved by the Court, and the Court further finds that the administrator's said note must be accounted for as an asset of the estate. * * *

"Therefore the court sustains the objections filed herein to the administrator's final report and application for distribution as set out in his final report, * * * insofar as the objections relate to the said promissory note of the administrator and his wife owing to the estate.

"Therefore It Is Hereby Ordered, Adjudged and Decreed That the court's approval of the administrator's final report and application for distribution should be and is hereby denied. * * *

"It Is Further Ordered, Adjudged and Decreed That the said administrator account in said estate for the promissory note of the administrator and his wife owing to said estate in the sum of $1,250.00 with interest thereon as provided in said note.

"It Is Further Ordered, Adjudged and Decreed That the administrator file herein an amended and substituted final report in compliance with this judgment and decree, and that he file the same on or before May 1, 1938."

The appellant never complied with the court's judgment in any respect. On March 15, 1938, he filed in the estate his petition to hear and allow his set-off of $1,916, for the care of Mrs. Heffernan, as against his note. So far as the record shows, no action has been taken on this petition.

Appellant's notice of appeal and the service thereon is as follows:

"IN THE DISTRICT COURT OF IOWA, IN AND FOR WOODBURY COUNTY.

"In the Matter of the Estate of Thomas W. Kelley, Deceased, Frank W. Kelley, Administrator,

. and

*"John Kelley and Hattie A. Kelley, Executrix, Objectors to Final Report of Administrator.*

"To Gill & Gill, attorneys *for above named objectors,* and to "W. T. Ryan, Clerk of said Court:

"You are hereby notified that Frank W. Kelley as heir and administrator of said estate has appealed from that part of the judgment and decree of the District Court of Iowa in and for Woodbury County, ordering him to pay to said estate his $1,250 note and failing to allow him the $1,916 set-off he has against said note, rendered in favor of the objectors at the March term thereof on the 31st day of March, 1938, to the Supreme Court of Iowa, and said appeal will come on for hearing and trial in said Court at the September term thereof to be held at Des Moines, commencing on the 20th day of September, 1938.

"MARTIN NEILAN,

"Attorney for Frank W. Kelley, Heir and Administrator of said Estate.

"Due and legal service of the within notice of appeal is hereby acknowledged, and a copy of the same received this 19th day of April, 1938.

"GILL & GILL,

"Attorneys for Said Objectors."

The notice was filed with the clerk of the court on April 19, 1938.

It will be noted that while the appellees are described in the title of the proceedings as "John Kelley, et al, Heirs, Objectors", the notice of appeal is entitled "In the Matter of the Estate of Thomas W. Kelley, Deceased, Frank W. Kelley, Administrator, and John Kelley and Hattie A. Kelley, Executrix, Objectors to Final Report of Administrator."

Also the notice was directed: "To Gill & Gill, Attorneys

for *the above named objectors,"* and the service was accepted by "Gill & Gill, Attorneys for *Said Objectors."*

The appellees, in their brief and argument filed in this court on December 15, 1938, raise the jurisdictional question that no proper notice of appeal had been served, as required by section 12837 of the Iowa 1935 Code, since Rose McKivergan, John F. Kelley, and James T. Kelley, heirs of the deceased, or their attorneys, Naglestad, Pizey & Johnson were not served. These heirs were objectors to the final report and were thus adverse parties to Frank W. Kelley, *heir* and *administrator,* and would be adversely affected by a reversal of the judgment and decree.

Attorneys for the appellees, John Kelley and Hattie A. Kelley, executrix, state that they represented no other heirs, and that Naglestad, Pizey & Johnson, represented the other and unserved heirs. The appellant does not deny these statements other than to state in his reply brief and argument, filed January 5, 1939, that:

"Rose McKivergan, John F. Kelley and James T. Kelley were not made parties in the petition filed by Joseph and John Kelley, and did appear and file objections in their own behalf, but permitted their defense to be made by the administrator. The decree of the court gave them no fixed sum that could be changed on appeal and notice of appeal to them was not necessary. Frank W. Kelley was administrator for the entire estate with the right to appeal."

There is no merit to his contention. There is nothing in the record to support his statement. He appealed not only as administrator but as an heir, and in each capacity the interest he represented was adverse to the three unserved heirs.

Appellees' brief and argument raising the jurisdictional question and moving for dismissal of the appeal was served on the appellant on the *16th* day of December, 1938, and the cause was assigned for submission in this court on the *10th* day of January, 1939.

Appellant asks that the case be continued to the 1939 May term of this court, in order that service of a notice of appeal may be made upon the unserved parties, since they are nonresidents of the state. He has known of their residence and could have made timely service upon them or their attorneys. The

statutory period within which a notice of appeal must be served is now long past. We have no authority to extend it, and the law forbids us to do more than sustain appellees' motion to dismiss the appeal. Piercy v. Bronson, 206 Iowa 589, 221 N. W. 193; Groves v. Richmond, 58 Iowa 54, 12 N. W. 80; Sioux Falls Broadcasting Association v. Henry Field Co., 224 Iowa 655, 277 N. W. 284; Hoffman, Executrix, v. P. F. Bauhard, 226 Iowa 133, 284 N. W. 131; Eby v. Phipps, 225 Iowa 1328, 283 N. W. 423.

We have gone through the record carefully and were this case properly before us, we would have to affirm on the merits. Even conceding, arguendo, the law question contended for by appellant that he had a right to use his alleged claim as an offset, although he had not complied with section 11972 of the 1935 Code, the record discloses that he wholly failed to prove that he had an offset. The appeal is dismissed.—Dismissed.

MITCHELL, C. J., and HAMILTON, RICHARDS, STIGER, SAGER, HALE, OLIVER, and MILLER, JJ., concur.