HERBERT M. HERROLD et al., Appellees, v. O. P. HERROLD, Appellant, CLARA HERROLD et al., Appellees.

No. 44716.

April 4, 1939.

Cunningham & Emery, for appellant.

Guy A. Miller, Denmar Miller, Strock, Woods & Dyer, and E. L. Blake, for appellees.

MILLER, J.—This is a suit in equity to partition certain real estate formerly owned by Abbie A. Herrold, now deceased. The appellant, O. P. Herrold, is the surviving spouse of the decedent and, as such, has a one-third interest in the real estate. He was named as a defendant and was represented in the trial court by Cunningham & Scott, his attorneys. The appellees, Dora E. Herrold and Herbert M. Herrold, together with Florence Ellen Herrold, wife of Herbert M. Herrold, were the plaintiffs; Herbert and Dora are children of the decedent and each is entitled to a two-ninths interest in the real estate; they are represented by Guy A. Miller and Denmar Miller, their attorneys. Appellee Clara Herrold is the surviving spouse of Arthur T. Herrold, deceased son of the decedent, and is also guardian of appellees Marjorie A. Herrold and Glen R. Herrold, minor children of said Arthur T. Herrold. These appellees each have a 2/27 interest in the real estate, were named as defendants and appeared in the trial court and in this court by Strock, Woods

& Dyer, their attorneys. Appellee Dora E. Herrold is also administratrix of the estate of Abbie A. Herrold, deceased, and as such administratrix was named as a defendant, appeared in the trial court and appears in this court by her attorney, E. L. Blake.

There is no contest regarding the distributive shares of the appellant and the appellees, as above specified. The only question on the merits of the case that is here presented involves the decision of the trial court to the effect that appellant should account for $5,000 as money had and received from the decedent. In the decree entered by the trial court, the distribution was to be adjusted in accordance with the trial court's finding that appellant should account for said sum of $5,000.

The appellees have filed various motions to dismiss this appeal. Numerous grounds are set forth therein. It is only necessary that we consider one of them, namely, whether or not the appeal should be dismissed because of the failure to make timely service of the abstract of record upon all of the appellees.

Section 12837 requires service of the notice of appeal on the adverse party. As appellant was a defendant, this section required service upon all the plaintiffs. Fairchild v. Plank, 189 Iowa 639, 646, 179 N. W. 64. Section 12834 also requires that the notice of appeal be served upon all the co-defendants who did not join in the appeal, and who might be adversely affected thereby. Hoffman v. Bauhard, 226 Iowa 133, 284 N. W. 131; Kelley's Estate v. Kelley, 226 Iowa 156, 284 N. W. 133; Gordon-Van Tine Co. v. Ideal Heating Co., 223 Iowa 313, 271 N. W. 523; State ex rel. Fletcher v. Southern Surety Co., 223 Iowa 558, 273 N. W. 129; Land Bank v. Yarcho, 217 Iowa 95, 250 N. W. 903; Read v. Gregg, 215 Iowa 792, 247 N. W. 199.

In the event that the appeal were successful, appellant's interest in the real estate involved would be increased to the extent of $5,000 and the interest of all of the appellees in the real estate would be decreased correspondingly in proportion to their interest therein. Accordingly, the appellees represented by Strock, Woods & Dyer, as well as those represented by Guy A. Miller and Denmar Miller, were necessary parties to this appeal. Barkley v. Henke, 209 Iowa 731, 229 N. W. 156. It was incumbent upon appellant to serve notice of appeal on each of them, or upon their attorneys.

Service of notice of appeal was undertaken by appellant

upon the three sets of attorneys for appellees above mentioned. Service was had on July 8, 1938. The notice was filed with the clerk of the district court July 16, 1938. On November 10, 1938, appellant served his abstract on Guy A. Miller and Denmar Miller, as "Attorneys for appellees" and filed copies of the abstract with the clerk of this court. Service on such attorneys was effective only as to the appellees which they actually represented. Yockey v. Woodbury Co., 130 Iowa 412, 422, 106 N. W. 950, 954. Thereafter, the abstract was served upon Strock, Woods & Dyer and E. L. Blake, as attorneys for the appellees represented by them, on December 19, 1938. Accepting the date that the notice of appeal was filed with the clerk of the district court as the date when the appeal was perfected, to wit: July 16, 1938, it was incumbent upon appellant to serve and file his abstract within 120 days thereafter, unless additional time was granted under the rules of this court. Section 12847 of the Code. Rules 14-al and 15-a of the rules of this court. The service had on November 10, 1938, was within such 120 days, but that had on December 19, 1938, was not.

It is well established that the requirements of the law regarding timely service and filing of an abstract are mandatory and, unless they are complied with, the appeal will be dismissed. In the case of Coggon State Bank v. Woods, 212 Iowa 1388, 1393, 238 N. W. 448, 451, we state:

"The provisions of the statute requiring the abstract to be filed within a specified time are not directory but mandatory. See, Turner v. Hine, 37 Iowa 500; Farmers State Savings Bank of Promise City v. Miles, 206 Iowa 766, 221 N. W. 449; Newbury v. Getchell & Martin Lumber & Manufacturing Company, 106 Iowa 140, 76 N. W. 514. Since the statute is mandatory, unless the appellants have complied with the statute within the period of time specified, then the appellee is, as a matter of law, entitled to the alternative relief of either a dismissal of the appeal or an affirmance. Botna Valley State Bank v. Cary, 205 Iowa 913, 218 N. W. 926; Farmers State Savings Bank of Promise City v. Miles, 206 Iowa 766, 221 N. W. 449; Waterloo Savings Bank v. Town of Redfield, 213 Iowa 871, 236 N. W. 61."

In resisting the motion to dismiss, counsel for appellant rely upon the language used by this court, discussing waiver and estoppel under prior statutes fixing the time for serving

and filing abstracts. The present statute must be construed in light of section 12885 of the Code, which was known as the Peterson law. In the case of Waterloo Savings Bank v. Town of Redfield, 213 Iowa 871, 875, 236 N. W. 61, 63, this court held that, under the Peterson law, such prior decisions of this court were no longer applicable, the court stating as follows:

"The inevitable result of this legislative enactment was to make invalid and inoperative the estoppel doctrine theretofore recognized, and also recognized in the cases last-above cited. It is our holding, therefore, that the time not having been extended for filing of the abstract in this case and the same not having been filed within 120 days after the perfecting of the appeal, and the motion to dismiss for want of jurisdiction having been filed more than ten days before the time the case was assigned for submission, the estoppel doctrine has no application. The motion was filed in time and being properly bottomed, it is sustained."

Rule 15-a of this court provides:

"The appellant shall serve upon each appellee or his attorney a copy of the abstract, which shall be prepared according to these rules. * * * Appellant shall also file with the clerk eighteen copies of said abstract, including the service copy."

This rule obviously contemplates that service of the abstract upon each appellee or his attorney must be made before the necessary copies of the abstract can be filed with the clerk. In other words, the filing of an abstract is not completed until appellant files with the clerk seventeen rule copies and service copy or copies showing service upon each appellee or his attorney. Construing this rule with our statute, it is obvious that the service and filing of the abstract must be made within 120 days following the perfection of the appeal, unless additional time be granted pursuant to the provisions of Rule 14-al. No additional time was requested. Accordingly, when appellant failed to serve his abstract upon appellees, Clara Herrold, Marjorie A. Herrold, Glen R. Herrold and Clara Herrold, Guardian, or Strock, Woods & Dyer, their attorneys, within 120 days after July 16, 1938, this court lost jurisdiction of the appeal so far as said appellees are concerned. In re Estate of Moynihan, 172 Iowa 571, 151 N. W. 504, 154 N. W. 904, L. R. A. 1916D, 1127,

1129. As to such appellees, the situation is the same as though they had not been served with notice of appeal in the first instance. As above pointed out, all of said appellees were necessary parties because they would be adversely affected by a reversal. As to the appellees not properly served, the decree of the trial court is now final. Were appellant's appeal successful, a new decree of distribution would result. Appellant has failed to maintain his appeal as to all necessary parties to such a decree. This court has lost jurisdiction of the subject matter of this appeal. The motions to dismiss were filed in strict compliance with the provisions of sections 12885 and 12886 of the Code. The motions are well taken. They must be sustained.

While the disposition of this case on the motion to dismiss is a disposition thereof on a technical matter, the situation is analogous to that commented upon by Judge Faris of the Circuit Court of Appeals, Eighth Circuit, in the case of Walsh Const. Co. v. U. S. Guarantee Co., 76 F. 2d 240, 243, wherein the court states:

"If appellant has stumbled into a technical pit from which there is no escape, this pit was of its own digging; and settled rules of procedure may not be broken beyond repair by our letting down a ladder (if figures of speech may be mixed) on which it may climb out."

As the motion to dismiss was ordered submitted with the case, in the consideration of the motion, we have examined the abstract as a whole and have carefully read appellant's briefs. We have examined the questions presented thereby as applied to the facts shown by the record. Were the matter properly before us, we would be disposed to affirm the decree of the trial court. However, it is not necessary to pass upon such questions because the motions to dismiss are well grounded.

Accordingly, the appeal must be and it is dismissed.—Dismissed.

MITCHELL, C. J., and SAGER, OLIVER, HAMILTON, HALE, STIGER, and BLISS, JJ., concur.